## SUPREME COURT.

### GRAY agt. NELLIS.

Where a count in a complaint in slander sets forth the speaking by the defendant at a day and place certain, actionable words, and alleges also, that *the defendant on divers days and times between that day and the commencement of this suit*, spoke the same words; a demurrer, assigning for cause that separate causes of action are united, or that the complaint is vague and uncertain, will not lie.

The words objected to may be struck out as redundant. They do not prejudice the defendant, as no proof would be admissible under them, which would not be admissible if they were stricken out.

*Montgomery Special Term, June* 1851. The complaint is in slander, and contains two counts, or separate statements. The first charges that the defendant on or about the 23d day of January 1849, *and on divers other days and times between that day and the commencement of this suit, at, &c.*, in a certain conversation then and there had *with divers good and worthy citizens, of and concerning the plaintiff*, then and there spoke (setting out actionable words, with proper inuendoes).

The second count charges that the defendant afterwards, and on the same day and year aforesaid, at the place aforesaid, in a certain other discourse which he, the said defendant, then and there had, in the presence and hearing of divers good and worthy citizens, of and concerning the plaintiff, falsely and maliciously spoke in the presence and hearing of the said citizens, of and concerning the plaintiff, these other false and slanderous words [setting them out], " *and also other words of like falsity and defamation, tending greatly to the injury of the character of the plaintiff.*"

The defendant demurred to the whole complaint, and assigned for cause to the *first* count that it charges for speaking *words on*

*divers different days and times, and thereby wrongfully unites separate causes of action;* also, that it is vague and uncertain. The demurrer assigns for cause to the second statement or count, that after setting out a specific charge, it charges the *" speaking of other words of like falsity and defamation, tending greatly to injure the plaintiff,"* without specifying where or when those latter words were spoken, or what they were.

H. ADAMS, *for the Defendant.*

T. B. MITCHELL and J. A. SPENCER, *for Plaintiff.*

WILLARD, Justice.—The objection to the first count is, that the speaking of the actionable words is alleged to have been on a day and at a place certain, and *on divers days and times between that day and the commencement of the suit.* It was not customary before the Code to allege the speaking of slanderous words with a *continuando.* If actionable words were spoken at different times, the proper way, if the plaintiff desired to prove them on the trial, in one suit, was to frame a count on each set of words. There were certain actions of trespass and case, where the act complained of might be charged to have been done on such a day, and such a year, *and on divers other days and times between that day and some other day,* mentioning the same. This was a substitute for the old mode of declaring with a *continuando* (1 *Saund.* 23, *n.* 1). But where the acts were of such a nature, that when executed they could not be done again, but terminated with the commission of them, it was necessary to insert as many counts as there were acts complained of; for they could not be laid with a *continuando.* If they were, says Sargeant Williams, objection should be made at the trial, and the plaintiff would not be permitted to give evidence of more than one act (see also *Gould's Pl.* 107, § 95). The plaintiff was not confined to the time in the declaration, but was at liberty to prove a trespass, if the action were trespass, at any time before the commencement of the suit (1 *Saund.* 24, *n.* 1). Mr. Chitty intimates that the objection might be taken by special demurrer (2 *Chitty's Pl.* 368, *note s., ed. of* 1809). And it was so held by the King's Bench in English vs. Purser (6 *East.* 395), in an action of assault and battery, following the case of Michell vs.

Neale (*Cowp.* 828), on the same point. But in the case of Burgess vs. Freelove (2 *B. & P.* 425) it was held that trespass for an assault might be laid on divers days and times. It is true in the latter case, it may be said that the defendant committed so many different assaults on the different days. That might be bad for duplicity, but that was not assigned for the cause of the demurrer. That objection could only be taken by special demurrer before the Code (1 *Chitty* 513). Mr. Justice HAND, in Boyce vs. Brown, (7 *Barb.* 87), understands the 150th section of the Code as a statutory inhibition against duplicity, where it occurs in an answer. The same principle applies to the complaint (§ 167). Different causes of action must be separately stated (§ 167, 144, *sub.* 5; 4 *Howard,* 226; 5 *id.* 172; 3 *id.* 391; 7 *Barb. S. C.* 80). In the present case the count is not objectionable for duplicity, for only one set of words is set forth.

The objection assigned in the demurrer is not that the allegation of the speaking of the words on *divers days and times, is per se,* bad; but only that thereby separate causes of action are united in the same count. If that consequence has not been produced, the cause assigned for the demurrer fails. This case is distinguishable from Durkee vs. The S. and W. Rail Road Co. (4 *How. Pr. R.* 226), and Pike agt. Van Wormer (5 *id.* 171). There is no duplicity in this count. The plaintiff on the trial could only be permitted to prove the words specifically set forth. A repetition of the *same words* at other times, and to other persons, might be proved for the purpose of showing malice (Root vs. Lownes, 6 *Hill,* 518; 3 *Denio,* 346). The same authorities also show that actionable words, not laid in the declaration, are not admissible in evidence, and to the same effect is Randall vs. Butler (7 *Barb.* 260). The proper remedy of the defendant, in this case, is to object on the trial, to the proof of any words, not specifically set forth in the complaint. As the repetition of the *same words,* though spoken at different times, might be given in evidence, without being set forth in the complaint, it is not perceived how the case can be made worse for the plaintiff, or prejudicial to the defendant to allege in the complaint that the same words were spoken on divers days and times. A recovery for once speaking of them would be a bar to a fresh action.

The cause assigned for the demurrer to the second count, is, that the plaintiff after setting out a sufficient cause of action, adds, " and also the defendant spoke other words of like falsity and defamation," &c. From what has been said, it is plain that the plaintiff could not give evidence on the trial of any other words than those specifically set forth. This allegation, therefore, amounts to no more than the " *alia enorma*" in the old precedents. It might, perhaps, be struck out on application to the court, as redundant, under § 160 of the Code, but its insertion in the count, in other respects good, will not render it demurrable.

There must be judgment for the plaintiff on the demurrer, with leave for the defendant to answer in twenty days after the service of a copy of the rule, on payment of twenty-two dollars costs.