## RELYEA *vs.* BEAVER.

34 547|
87h 531|

In an action brought since the code, for trespass on lands, the plaintiff, after having proved acts of trespass committed within the period laid in the complaint, may give evidence of additional acts, committed prior to the earliest day stated in the complaint.

The old rule ought not to be enforced, under the code; but the decision should turn upon the materiality of the variance from the allegations in the complaint, and upon the question whether the opposite party has been misled, or will be prejudiced, by the admission of the testimony.

An action of trespass, under the statute, may be maintained by one adjoining proprietor of lands, against another, to recover treble damages for cutting trees standing on the line between the lands of the parties.

And, in a case of sufficient importance, *it seems* such cutting of line trees may be restrained by injunction.

Relyea *v.* Beaver.

THIS is an action brought by the plaintiff against the defendant, claiming to recover treble damages, under the statute, against the defendant, for entering upon the plaintiff's land and cutting down and carrying off trees, timber, &c., contrary to the provisions of the statute, &c., entitled Of trespass on lands, &c.

It appears from the case, that the plaintiff and defendant owned adjoining farms; at the place where the trees were cut the plaintiff's lands were woods, the defendant's were cleared and fenced up to the line. In the line of the fence were trees or stumps of trees, including one large oak stump, which were claimed to be line trees, and had been cut by the defendant, at or about the time he built the fence, and which was built entirely by him. The plaintiff complained of acts of alleged trespasses committed at divers times between the first of September, 1858, and the commencement of the suit. A verdict was rendered for the plaintiff for $25. Various exceptions were taken on the trial, and to the judge's charge, and a motion was now made for a new trial. The cause was tried before Justice GOULD, on the 1st day of June, 1860, and the exceptions were ordered to be heard in the first instance at the general term.

The plaintiff having proved, without objection, several acts of trespass within the period laid in the complaint, offered to prove additional acts of trespass committed prior to the earliest day stated in the complaint. The defendant objected to the evidence, on the ground of their being prior to the time laid in the complaint. The objection was overruled, and the evidence admitted, and the defendant excepted.

Evidence was given in the case tending to show that some of the trespasses consisted in the cutting of line trees; that is, of trees standing on the line between the lands of the plaintiff and the lands of the defendant, and intersected by such line. In regard to these trespasses, " the counsel for the defendant asked the court to charge the jury that the plaintiff is not entitled to recover in this action, against the de-

Relyea *v.* Beaver.

fendant, for the cutting of line trees by the defendant. But the court refused so to charge, and directed the jury that if they found the defendant had cut line trees, they would find therefor, in favor of the plaintiff, the value of such proportion of the trees as was on the plaintiff's land. To which refusal and ruling the counsel for the defendant excepted."

*T. B. Gates,* for the plaintiff.

*A. J. Parker,* for the defendant.

*By the Court,* HOGEBOOM, J. The evidence of trespasses committed anterior to the day named in the complaint was, I think, properly admitted. The old rule was in the highest degree technical and without much foundation in reason. That rule, where the trespasses were laid with a continuance, forbade the introduction of evidence of trespasses, unless committed within the space of time laid in the declaration; provided acts of trespass within that period had been already proved. But if they had not been, then it was allowable to give evidence of an act of trespass earlier than the first day named in the declaration. (1 *Ch. Pl.* 273, *7th ed.*)

I think that rule, so far as it rests upon the technical foundation above mentioned, ought not to be enforced under the code—at least as a rule of unbending rigor. But that the decision should turn upon the materiality of the variance from the allegation in the complaint, and the question whether the opposite party has been misled or will be prejudiced by the admission of the testimony. No pretense of that kind was made on the trial; still less was it established by affidavit. I think the judge therefore was right in disregarding the variance as immaterial; especially as he would have been justified in amending the complaint on the spot, without satisfactory evidence that it was likely to injure the adverse party. (*Code,* §§ 169, 170.)

The more interesting question in the case is, was his charge

Relyea *v.* Beaver.

right in regard to the line trees; or, to put it in another shape, were the plaintiff and the defendant *tenants in common* of the line trees.

It is not pretended that these line trees were the result of the combined labor or purchase of the adjoining owners, or of their predecessors in the title, or of the purchase of the undivided interests therein of any other parties, or of any of the ordinary modes of acquiring title, by which a tenancy in common was created.

Ordinarily, the established boundary line between adjoining owners of land is the true and only test to determine the title to the land on either side and of all below and above it, from the center of the earth to the heavens. I do not know that there is any exception to the rule in regard to the earth or its natural productions. The growth from the soil, whether it be the grass and herbage, the plants and bushes, or the more lordly trees, must, I think, share the same fate, and belong to the person on whose soil they grow. If they grow partly on the soil of one, and partly on the soil of another, I do not see that the rule is altered. The portion that grows on the land of each must belong separately to him, and not partly to him and partly to his neighbor. The essence of a tenancy in common is a joint interest in each and every part, and it is difficult to see upon what principle this, as applicable to line trees, can be founded. It is conceded not to be the rule in regard to artificial objects placed upon the line by the hand of man—such as a *wall*, a *fence*, a *house*, or a building of any description. These are supposed to be erected with a knowledge that the title thereto must follow the land upon which they stand, unless there be some consent to a different rule. And hence, unless there be some express or implied consent to their erection, they may, *in general*, be removed, so far as they encroach, though such removal be attended with loss or injury to the other party, or even the entire destruction of the artificial erection. Where there is a stipula-

Relyea *v.* Beaver.

tion between the parties, of course a very different rule may prevail.

If this be the rule in regard to artificial erections, why is it not equally so in regard to natural objects? Is there any difference in principle? Must they not both be governed by the controlling principle *cujus est solum, ejus est usque ad cœlum.* It appears to have been decided in *Waterman* v. *Soper,* (1 *Lord Raym.* 737,) that "If A. plants a tree upon the *extremest limit* of his land, and the tree growing extends its root into the land of B. next adjoining, A. and B. are tenants in common of the tree. But if all the root grows in the land of A., though the bows overshadow the land of B., yet the branches follow the root and the property of the whole is in A." I do not agree to the proposition contained in the first sentence of the foregoing extract, and I do not think it is law. It is not, as has been supposed, supported by the decision in the case of *Lyman* v. *Hale,* (11 *Conn. R.* 177.) The head note of that case is as follows : "If a tree, the trunk of which stands on the land of A., extends some of its branches over and some of its roots into the land of B., A. and B. are not joint owners or tenants in common of such tree ; but it is, with such overhanging branches and the fruit thereof, the sole property of A. ; and if B. gather the fruit from such overhanging branches and appropriate it to his own use, he is liable, in trespass, to A." So also in *Beardslee* v. *French,* (7 *Conn. R.* 125,) it was held that where the trunk of a tree was upon the land of A. and some of the branches and fruit overhang the land of B., the latter do not belong to B. In *Masters* v. *Pollie,* (2 *Rolle,* 141,) it was decided that where a tree grows in A.'s close, though the roots grow in B.'s, yet the body of the tree being in A.'s soil the tree belongs to him. This doctrine was approved by Littledale, J., in *Holder* v. *Coates,* (1 *Moo. & Malk.* 112 ; 22 *Serg. & Lowb.* 264.) See also 1 *Ch. Gen. Pr.* 652 ; 20 *Vin. Abr.* 417 ; *Griffin* v. *Bixbey,* (12 *N. H. Rep.* 454.)

It is not a valid argument against the application of this

rule that it might lead to the wanton destruction of valuable timber, or fruit, shade, or ornamental trees. The answer is, it is not necessarily attended with such a consequence. It does not inevitably follow that a tree may be cut down or split in two, or half of it virtually removed, because so much of it is on the land of the party doing the act. In case of serious injury, the maxim applies *sic utere tuo ut alienum non lædas.* There are many cases where this applies. A man is not allowed to have a nuisance upon his own land if he thereby injures or annoys his neighbor. (*Aldred's case,* 9 *Coke,* 58.) He is not allowed to blast rocks on his own land and throw them thereby on the land of his neighbor. (*Hay* v. *Cohoes Co.,* 2 *Comst.* 159. *Tremain* v. *Cohoes Co., Id.* 163.) He may not obstruct ancient lights. (*Pickard* v. *Collins,* 23 *Barb.* 444.) He cannot lawfully displace a party wall. (*Eno* v. *Del Vecchio,* 4 *Duer,* 53.) He cannot dig in the bed of a stream on his own side of the center, in such a way as to divert the natural flow of the water. (*Van Hoesen* v. *Coventry,* 10 *Barb.* 518.) He cannot dig away the earth on his own land where it is essential to the natural, lateral or subjacent support of the land of his neighbor. (*Farrand* v. *Marshall,* 19 *Barb.* 380 ; *S. C.* 21 *id.* 409. *Humphries* v. *Brogden,* 1 *Eng. Law and Eq. Rep.* 241.) So, I apprehend, a line tree in many cases cannot be cut and destroyed : 1. Because it is a line tree, and therefore necessary to be preserved as a natural monument. 2. Because the cutting or destruction of one part will or may result in the destruction of the other part. The act seems a totally unnecessary and wanton one, and if it be so in fact, is justly punished by treble damages, and I have no doubt, in a proper and sufficiently important case, may be restrained by injunction.

I am therefore of opinion that no error was committed by the learned judge on the trial, on either of the points to which exception was taken ; and that a new trial should be *denied.*

[ALBANY GENERAL TERM, March 4, 1861. *Gould, Hogeboom* and *Peckham,* Justices.]