Bradley, J.
It seems that four actions were commenced, in justices court before the same justice by the plaintiff against the defendant, to recover penalties for the alleged violation of an ordinance of the village which prohibited any person acting within its limits as common hackman, porter or as driver of any cab, carriage, omnibus, stagecoach of any description, baggage or other wagon used for hire, without obtaining a license therefor from the board of trustees of the village, under a penalty not less than five dollars and not exceeding twenty-five dollars for each and every offense. Tho actions were commenced on August 5, 6, 7 and 10, 1885. Issue was joined in the action first commenced. It was tried and judgment rendered in favor of the plaintiff, which was reversed by the county court.
In the other three actions respectively, stipulations were made to the effect that the pleadings and evidence in the first action should be considered the pleadings and evidence in them, and that the justice render judgments therein the same as if tried, and such evidence adduced in them, “except that the evidence with reference to the violation of the ordinance shall be treated and regarded as referring to the date of the commencement ” of those actions respectively.
The question is, whether upon these stipulations, and in view of the pleadings and evidence in the first suit, the judgments of the justice rendered in these three actions and reversed by the county court can be supported. We see nothing upon which to found the contention that the appeals to the county court were not taken in time. The objection that the stipulations were made by the attorneys as such for the parties was not well taken. While there is no presumption of authority of attorneys for parties in justices courts as in courts of record, they may employ attor *852 neys to appear there for them, with ample power to manage and _ control the conduct of the suits. It appears by the justice’s return, that on the return day of the summons the parties appeared by their respective attorneys, and issue was joined making the complaint and answer in the first suit by stipulation the same in the others, and in like manner applying the evidence in that action to them. The return must for the purposes of review be taken as true.
The complaint in the first action alleged that the violation of the ordinance occurred on August 5, and under the stipulation the complaint was no different in the other three suits. The objection founded upon the fact that the time of such alleged violation was the same in all the four actions is not supported, as it is only a matter of variance and may be disregarded as immaterial. Code Civ. Pro. § 2943; Relyea v. Beaver, 34 Barb., 547; 25 N. Y., 123.
The rule that reasonable intendments go in support of a judgment applies to the justice’s judgment because the affirmance of the judgment of the county court must depend upon errors committed in that of the justice. The only question, therefore, requiring any consideration is whether the evidence in the first suit was sufficient to support the recovery in the others. The stipulations add nothing to the evidence. They do not contain any admission that the defendant did any act which was a violation of the ordinance, but it is sought by them to apply the evidence as given to the days after and other than the 5th of August. And this depends upon the susceptibility of the evidence to such application.
The defendant, in Ms evidence, says that Mr. Dean came to him and wanted him to drive a rig from the street car transfer to the whirlpool; that he started to drive August 3; that he has driven only parties with tickets in his rig, and that he has taken tickets from passengers he has carried. The witness Dean says that he employed the defendant on account of another person named, who says he employed the defendant August 5, and hired this team and carriage for that day.”
The defendant further testifies that he continued in the employ of the street car company until a week or ten days before the trial (which was August 17), and was then and yet under the direction of Mr. Dean. And the latter says that he bought a rig August 10, and that the defendant at the time of the trial was in Ms employ.
Another witness testified that he had seen passengers get out of the defendant’s wagon at the whirlpool. And another witness adds, he saw the defendant drive a party towards the whirlpool, and saw him drive a party there the day before—the 4th of August.
*853 This constitutes the evidence material to the inquiry.
If the evidence of violation of the ordinance by the defendant embraces the period within which are the 6th, 7th and 10th of August, it may be seen that the stipulations can be given the requisite effect to apply the evidence in support of the judgment of the justice. It is difficult in the evidence of the witnesses to find any which satisfactorily shows or tends to prove that the defendant did any act in violation of the ordinance between the fifth and the tenth of August, or on the latter day. And all appearing in the case fails in terms to show that the defendant was engaged in driving any cab or carriage' on any day following the fifth up to and including the tenth of the month, although some facts appear which furnish a reason to suppose he was, but hardly sufficient legitimately to produce an inference entitled to the character of evidence to that effect for the purpose of charging the defendant with a penalty. In the return of the justice in each case it appears that the defendant raised the question of the sufficiency of the evidence to establish a case against him.
We are inclined to think that on the ground of the insufficiency of the evidence to fairly justify the recoveries, the county court was permitted to reverse the judgments.
The judgments of the county court should be affirmed.
Smith, P. J.; Barker and Haight, JJ., concur.