GUISEPPE CRITELLI, as Administrator, etc., of ANGELO ORLANDO, Deceased, Appellant, *v.* RODGERS and CLEMENT (first names unknown), Respondents.

*Allegations of time in actions ex delictu — a single act of injury only provable before the date named — amendment of complaint — postponement of date of commencement of action as a condition thereof — Statute of Limitations.*

The allegation as to the time of the occurrence of the act complained of, in actions *ex delictu,* is generally an immaterial averment.

At common law, while a party was permitted to prove a single act of injury alleged, he could prove no more than that one act, anterior to the day stated in his pleading, although he was not so limited as to acts subsequent to that day and prior to the commencement of the action.

Where there is no new cause of action alleged in the proposed amended complaint, as distinguished from that alleged in the original complaint, in an action brought to recover damages resulting from the death of the plaintiff's intestate by reason of the alleged negligence of the defendant, there is no well-founded reason for imposing as a condition of the allowing of such amendment that the time of the commencement of the action be deemed postponed to the date of the application for such leave to amend, for the purpose of admitting the defense of the Statute of Limitations.

APPEAL by the plaintiff, Guiseppe Critelli, as administrator, etc., of Angelo Orlando, deceased, from so much of an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 20th day of April, 1894, granting the plaintiff's motion for leave to serve an amended complaint, as grants defendants' motion for leave to serve an amended and supplemental answer to such amended complaint setting forth as a defense to the complaint, the Statute of Limitations as a bar, with the same force and effect as if the summons in the action was served and the action was begun on the date of the plaintiff's application for leave to amend his complaint.

*Charles Oishei,* for the appellant.

*Ely & Dudley* and *Morris Cohn, Jr.,* for the respondents.

BRADLEY, J.:

This action was commenced in September, 1892. By the complaint it was alleged that the death of the plaintiff's intestate was

caused by the negligence of the defendants. They answered in October following.

When the action was reached and moved on for trial at the Erie Circuit, March 15, 1894, the plaintiff's counsel moved to amend the complaint as hereinafter mentioned. The motion so made at the trial was denied, but with a view to further application for such relief the plaintiff was permitted, to and did withdraw a juror. Upon an order to show cause the motion was afterwards heard and granted, and by the order the defendants were, by amended and supplemental answer, permitted to set up the Statute of Limitations with the same effect as if the action had been commenced on the 15th day of March, 1894. This would have been well enough if the plaintiff had by the amendment to the complaint alleged a new cause of action or one not fairly within the allegations of the original complaint. But such does not seem to have been the case. Both allege that the death of the plaintiff's intestate was occasioned by the negligence of the defendants.

In the original complaint it was alleged that the plaintiff's intestate, employed by the defendants as a laborer in a tunnel at Niagara Falls, was, on or about May 3, 1892, killed by the fall upon him of a cage used by the defendants for hoisting stone from the bed of the tunnel canal.

In the proposed amended complaint it is alleged that prior to and on or about June 22, 1891, the cage used by the defendants in hoisting stone from the bed of the tunnel fell upon and killed him. These are the only changes sought to be made in the pleading which require any consideration. They are in the date and in the designated place of the accident so far as the difference is represented by the "tunnel canal" and "tunnel" at Niagara Falls. The time alleged in actions *ex delictu* of the act complained of is generally an immaterial averment.

And at common law, while the party was permitted to prove a single act of injury alleged, he could prove no more than one anterior to the day stated in his pleading, although he was not so limited subsequent to that day and prior to the commencement of the action. (Chitty on Pleadings, 259, 383, 384; *Cheetham* v. *Lewis*, 3 Johns. 42; *Relyea* v. *Beaver*, 34 Barb. 547; S. C., *sub nom. Dubois* v. *Beaver*, 25 N. Y. 123.)

Under the present system evidence offered to prove more than one act of trespass anterior to the alleged time would be treated as nothing more than variance. And although the "tunnel canal" in the work at Niagara Falls may have been distinct in designation from the "tunnel" in the work, there the difference was in the designation of the particular place in the same locality where the accident occurred, while its alleged instrumentality was substantially the same. The cause alleged was the negligence of the defendants, and its consequence was the death of the plaintiff's intestate. He was killed only once. And it seems clear that the result on the merits of the trial of the action upon the issues as presented by the original pleadings would have been a bar to another action against the defendants upon the charge of negligence for causing his death. There is no new cause of action alleged in the proposed amended complaint as distinguished from that in the original one. It purports to make some correction in the allegations of fact in relation to the negligence charged in the original complaint.

And there seems to be no well-founded reason for imposing as a condition of the amendment that the time of the commencement of the action be deemed postponed beyond that when it was commenced for the purposes of the defense of the Statute of Limitations.

In view of the nature of the proposed amendment of the complaint, that provision of the order is unreasonably prejudicial to the plaintiff.

And that portion of the order should be reversed.

LEWIS, J., concurred; DWIGHT, P. J., not voting; WARD, J., not sitting.

The portion of the order, postponing the time of the commencement of the action so that the Statute of Limitations runs to a day later than that of the commencement of the action, and providing for so alleging it as a defense, reversed, with ten dollars costs and disbursements.