MATTHEW DROHAN, Appellant, *v.* ROBERT O'BRIEN, Respondent.

*Slander — a complaint must set forth the specific words used.*

A complaint in an action for slander which alleges that the defendant uttered certain slanderous words (which are specifically set forth), "or words of like purport, meaning and effect," is demurrable, as it does not charge that the defendant used any particular words.

APPEAL by the plaintiff, Matthew Drohan, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Albany on the 13th day of March, 1902, upon the decision of the court, rendered after a trial at the Albany Special Term, sustaining the defendant's demurrer to the complaint, and also, as stated in the notice of appeal, from the decision or order pursuant to which the interlocutory judgment was entered.

*H. P. Humphrey*, for the appellant.

*Albert J. Danaher*, for the respondent.

CHASE, J. :

This is an action for slander. The complaint contains three alleged causes of action, in each of which alleged slanderous words are specifically set forth, followed by the words " or words of like purport, meaning and effect."

It is well settled that in an action for slander the alleged slanderous words complained of as having been spoken by the defendant must be set forth in the complaint, and it is not sufficient to set forth their tenor and effect. (13 Ency. Pl. & Pr. 45; *Battersby* v. *Collier*, 34 App. Div. 347; *Ward* v. *Clark*, 2 Johns. 10; *Forsyth* v. *Edmiston*, 2 Abb. Pr. 430; *Maitland* v. *Goldney*, 2 East, 426.)

Assuming that the words specifically stated in the complaint are slanderous *per se*, they are not alleged as having been spoken by the defendant. The complaint is the same as if it had charged that, at the time and place mentioned, the defendant used words of the purport, meaning and effect of the words specifically stated. Such a pleading would be bad. A complaint alleging that specific slanderous words were used, continuing with a statement as follows : " And also   *   *   *   other words of like falsity and defamation," has been held to be sufficient to allow proof of the words specifically charged. (*Gray* v. *Nellis*, 6 How. Pr. 290.) Such complaint does charge the uttering of the specific words as well as other words.

The complaint in this case does not charge that any particular words were used.

The effect of the words " *or* words of like purport, meaning and effect," is to leave the entire complaint subject to the pleader's interpretation of the purport, meaning and effect of words not disclosed or in any way specifically alleged.

The order and interlocutory judgment sustaining the demurrer should be affirmed.

Judgment and order unanimously affirmed, with costs.