### DROHAN v. O'BRIEN.

(Supreme Court, Appellate Division, Third Department. November 12, 1902.)

1. SLANDER—COMPLAINT—ALLEGATION OF SLANDEROUS WORDS.
    A complaint in which alleged slanderous words are specifically set out, followed by the words, "or words of like purport, meaning, and effect," is demurrable, since by the addition of the quoted words the complaint did not set out the specific words claimed to be slanderous.

Appeal from special term, Albany county.

Action by Matthew Drohan against Robert O'Brien. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

Cipperly & Humphrey (H. P. Humphrey, of counsel), for appellant.

Albert J. Danaher, for respondent.

CHASE, J. This is an action for slander. The complaint contains three alleged causes of action, in each of which alleged slanderous words are specifically set forth, followed by the words, "or words of like purport, meaning, and effect." It is well settled that, in an action for slander, the alleged slanderous words complained of as having been spoken by the defendant must be set forth in the com-

plaint, and it is not sufficient to set forth their tenor and effect. 13 Enc. Pl. & Prac. p. 45; Battersby v. Collier, 34 App. Div. 347, 54 N. Y. Supp. 363; Ward v. Clark, 2 Johns. 10, 3 Am. Dec. 383; Forsyth v. Edmiston, 2 Abb. Prac. 430; Maitland v. Goldney, 2 East, 426. Assuming that the words specifically stated in the complaint are slanderous per se, they are not alleged as having been spoken by the defendant. The complaint is the same as if it had charged that at the time and place mentioned the defendant used words of the purport, meaning, and effect of the words specifically stated. Such a pleading would be bad. A complaint alleging that specific slanderous words were used, continuing with a statement as follows, "and also * * * other words of like falsity and defamation," has been held to be sufficient to allow proof of the words specifically charged. Gray v. Nellis, 6 How. Prac. 290. Such complaint does charge the uttering of the specific words as well as other words. The complaint in this case does not charge that any particular words were used. The effect of the words, "or words of like purport, meaning, and effect," is to leave the entire complaint subject to the pleader's interpretation of the purport, meaning, and effect of words not disclosed or in any way specifically alleged.

The order and interlocutory judgment sustaining the demurrer should be affirmed. Judgment and order affirmed, with costs. All concur.