(98 App. Div. 314)

## DAY v. DAY.

(Supreme Court, Appellate Division, Second Department. November 18, 1904.)

1. PLEADING—COMPLAINT—MOTION TO MAKE MORE DEFINITE.

> An application lies, under Code Civ. Proc. § 546, authorizing the court to compel the making of a complaint more definite and certain, only when the precise meaning or application of the charges made therein is not apparent.

2. SAME.

> An application, under Code Civ. Proc. § 546, to make certain portions of a complaint more definite and certain, on the ground that the pleader

may intend to charge either forgery or fraud or undue influence, will be denied, as forgery is a species of fraud. as is also undue influence, so as to render the precise meaning of the allegation that defendant, by fraud, procured a conveyance of realty from plaintiff, definite and certain.

Appeal from Special Term, Kings County.

Action by Edward P. Day against Edward W. Day. From an order requiring certain portions of plaintiff's amended complaint to be made more definite and certain, he appeals. Reversed.

See 88 N. Y. Supp. 504.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

J. Edward Swanstrom, for appellant.

Elmer S. White, for respondent.

JENKS, J. Application lies, under section 546 of the Code of Civil Procedure, only when the precise meaning or application of the charges is not apparent. See, too, Dumar v. Witherbee, Sherman & Co., 88 App. Div. 181, 183, 84 N. Y. Supp. 669; Tilton v. Beecher, 59 N. Y. 176, 183, 17 Am. Rep. 337. The criticism of the learned counsel for the respondent is that the pleader may intend to charge either forgery or fraud or undue influence. The order, in effect, directs an election between them. But I think that the forgery may be regarded as a species of fraud. In People v. Marion, 29 Mich. 31, Campbell, J., says: "The principal criminal element in forgery consists in the fraudulent purpose, and the proof of fraud must be substantially the same in criminal and civil cases." See, too, Commonwealth v. Starr, 4 Allen, 301, 304. Undue influence is also recognized as a species of fraud. Green v. Roworth, 113 N. Y. 462, 470, 21 N. E. 165; Matter of Will of Smith, 95 N. Y. 516. I think that the precise meaning or application of the allegations is definite and certain, namely, that the defendant, by fraud, procured conveyances of realty from the plaintiff.

The order should be reversed, with $10 costs and disbursements. All concur.