CERRO DE PASCO TUNNEL & MINING CO. v. HAGGIN.

(Supreme Court, Appellate Division, First Department.   July 7, 1905.)

LIBEL—COMPLAINT—CAUSES OF ACTION—INDEFINITENESS.
    Where a count for libel alleged that defendant composed and published
    at specified places prior to a certain date the matter complained of, a
    motion to compel plaintiff to state separately and number his several
    causes of action if he relied upon several, and to make the complaint
    more definite and certain if he intended to rely only on one publication,
    should have been granted.

Appeal from Special Term, New York County.

Action by the Cerro de Pasco Tunnel & Mining Company against
James B. Haggin.   From an order denying a motion to compel
plaintiff to separately state and number its causes of action, or to
make the complaint more definite and certain, defendant appeals.
Reversed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN,
PATTERSON, and INGRAHAM, JJ.

C. P. Williamson, for appellant.
J. Delahunty, for respondent.

PATTERSON, J.   This is an appeal from an order denying the
defendant's motion to compel the plaintiff to state and number sep-
arately several causes of action which the defendant insists are in-

94 N.Y.S.—38

cluded in each of two subdivisions of the complaint, or to make the allegations of the complaint more definite and certain. The action is brought to recover damages for libel and for slander. As the complaint is drawn, it is alleged for a first cause of action:

"That heretofore, and prior to the 1st day of January, 1905, at divers times, the defendant maliciously composed and caused to be composed and published concerning the plaintiff, at the city of New York and at the city of London, England, and elsewhere, the false and defamatory matter following, to wit: The 'Cerro de Pasco Tunnel & Mining Company (meaning the plaintiff herein) is a fake concern. It is a strike against me (meaning the defendant) and my associates. The Cerro de Pasco Tunnel & Mining Company has no property, and it has no mines, and is a fraud on those who have been induced to buy its stock. It is a fake concern. Its officers are frauds, blackmailers, and liars, and had published false statements about the financial condition, alleged property rights, and business of the plaintiff, and the purpose of the company is to blackmail me and my associates as owners of mines in Peru.'"

For a second cause of action, it is alleged in the complaint as follows:

"That at divers times prior to the 1st day of January, 1905, in the city of New York and elsewhere, the defendant, in the presence and hearing of divers persons, maliciously spoke concerning the plaintiff the false and defamatory words following, to wit: The 'Cerro de Pasco Tunnel & Mining Company (meaning the plaintiff herein) is a fake concern. It is a strike against me (meaning the defendant) and my associates. The Cerro de Pasco Tunnel & Mining Company has no property, and it has no mines, and is a fraud on those who have been induced to buy its stock. It is a fake concern. Its officers are frauds, blackmailers, and liars and had published false statements about the financial condition, alleged property rights, and business of the plaintiff, and the purpose of the company is to blackmail me and my associates as owners of mines in Peru.'"

The criticism of this complaint is that several causes of action for libel are stated in the count for libel, and several causes of action for slander in the slander count, or that if a single publication is relied upon in the first cause of action, and a single defamatory utterance in the second cause of action, the complaint should have been made more definite, and its allegations rendered certain. On the other hand, it is claimed that but one cause of action is set forth in each count.

It seems to us that the criticism made of the complaint is well founded. In the count for libel there is no specific date mentioned of the publication of the alleged defamatory matter. It is said that the defendant composed and published it at the city of New York and at the city of London, England, and elsewhere, prior to the 1st day of January, 1905; but when prior to that date is not made to appear. Each publication would constitute a separate cause of action. If but one specific date had been mentioned, that would possibly have sufficed, and the statement that at divers other times the libelous matter was composed and published might have been regarded as redundant. Such was the rule in the case of Gray v. Nellis, 6 How. Prac. 290, which is relied upon in support of the order appealed from. In that case, which was an action of slander, the plaintiff set forth the speaking of the words at a time and place certain, and alleged that the defendant on divers days and times be-

tween that day and the commencement of the action spoke the same words; and it was held on demurrer that the complaint was sufficient, inasmuch as it named a precise day, and that the other allegation was redundant. If the plaintiff in this action intended to sue upon one publication only, the time and place should have been stated at which it was made. These remarks as to the count in libel control, so far as they are applicable, the count in slander.

The motion should have been granted, and the plaintiff should have been required to state separately and number his several causes of action, if he relies upon several causes of action arising out of the matters contained in each count, or, if he does not, and intends to sue only upon one publication and upon one defamatory utterance, he should make his complaint more definite and certain.

The order must be reversed and the motion granted in the manner above indicated, with costs and disbursements of this appeal, and $10 costs of the motion. All concur.