(55 Misc. Rep. 40)

McGEHEE v. COOKE et al.

(City Court of New York, Special Term.   April, 1907.)

1. PLEADING—MOTION TO MAKE MORE DEFINITE—AFFIDAVIT OF MERITS.
    A motion that a complaint be made more definite and certain will not be denied because the moving papers contain an affidavit of merits.
2. BILLS AND NOTES—ACTION ON NOTE—COMPLAINT—SUFFICIENCY.
    In an action on a note alleged to have been transferred to plaintiff, he may be required to allege the time of transfer by a motion to make more definite and certain.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 1487.]

Action by Robert L. McGehee against Harace G. Cooke and another. Motion to make the complaint more definite and certain.   Granted.

Maguire & Martin, for plaintiff.

Avery F. Cushman, for defendant.

WADHAMS, J.   The action is brought upon a promissory note. The complaint alleges that the payee, prior to the commencement of the action, indorsed the note and delivered, transferred, and assigned it so indorsed to the plaintiff, who is now holder and owner thereof. It nowhere appears whether plaintiff is a holder in due course, and de-

fendant prays that the complaint be made definite and certain by alleging whether the paper was transferred to the plaintiff before or after maturity.

It is contended that the motion must be denied because the moving papers contain an affidavit of merits. In Wolf v. Kaufman, 65 App. Div. 29, 72 N. Y. Supp. 500, and Kavanaugh v. Commonwealth Trust Co. of N. Y., 45 Misc. Rep. 201, 91 N. Y. Supp. 967, cited by plaintiff, the rule was applied upon motions for bills of particulars. In such cases the detailed information sought was obviously unnecessary to enable the moving party to plead. Where a defense upon the merits is averred, it is clear that further details are not required to enable the party to plead; but it may be necessary to make the complaint definite and certain before it can be fully answered. In this case the defendant may have a defense upon the merits, i. e., a general denial, and at the same time may also be entitled to plead a separate defense if the plaintiff is not a holder in due course. In my opinion the preliminary objection is not well taken. It is the established rule that the court will require the pleading to be amended only where the precise meaning or application of an allegation of a pleading is indefinite and uncertain. Day v. Day, 98 App. Div. 314, 90 N. Y. Supp. 680; Dunbar v. Witherbee, Sherman & Co., 88 App. Div. 181, 84 N. Y. Supp. 669; Kavanaugh v. Commonwealth Trust Co. of N. Y., 45 Misc. Rep. 201, 91 N. Y. Supp. 967. And it has frequently been held where the precise nature of the charge is apparent that particulars of time, place, and circumstance should be obtained by a bill of particulars. Tilton v. Beecher, 59 N. Y. 176, 183, 17 Am. Rep. 337: Dunbar v. Witherbee, Sherman & Co., 88 App. Div. 181, 84 N. Y. Supp. 669. But, where particulars of time and place are requisite to show the precise meaning or application of a pleading, they may be required upon a motion to make definite and certain. At common law it was necessary that pleadings be definite and certain as to time and place in respect to every traversable fact. Gillet v. Fairchild, 4 Denio, 80; Barnes v. Matteson, 5 Barb. 375. Under the Code pleading the rule is that the time when a fact happened must be stated if it is material to the cause of action or defense. People ex rel. Crane v. Ryder, 12 N. Y. 439; 1 Nichols, Pr. 487. The particular time of an act complained of in actions ex delicto are generally immaterial, and will not be required to be made definite and certain. Critelli v. Rodgers, 87 Hun, 530, 34 N. Y. Supp. 479. But, where the time when an event happened constitutes a material part of the cause of action or defense, it will be required. So, where an action for a statutory penalty could not be begun until 10 days after a certain event, the statement that the event occurred "on or about" a specified day, 10 days prior to the beginning of the action, was held uncertain, and the motion prevailed. Barlow v. Pease, 5 Hun, 564. Plaintiff was required to make his reply definite and certain by alleging whether he had paid a judgment for costs (set up by defendant as a counterclaim) before or after commencement of the action. Bennett v. Lawrence, 71 App. Div. 413, 75 N. Y. Supp. 902. In an action for libel, where publication was alleged as prior to January 1, 1905, the date or dates of the publication were re-

quired in order that it might appear whether more than one cause of action was alleged. Cerro de Pasco Co. v. Haggin, 106 App. Div. 401, 94 N. Y. Supp. 593. But the time may be required to be stated upon a motion to make definite and certain, not only when it is material to constitute the cause of action or defense, as where the time is itself an essential allegation, but also when it is necessary to know the time when an essential fact alleged occurred, in order to make the precise meaning of such fact certain. In the leading case of People ex rel. Crane v. Ryder, 12 N. Y. 433, the court overruled a demurrer to the complaint on the ground that the date of the election in question was not in itself an essential allegation, stating that the proper remedy was a motion to make definite and certain, Judge Johnson, at page 442, says:

"If the defendant felt that his defense in this case was likely to be embarrassed by reason of the day not being stated on which the relator supposed himself to have been elected, he might by motion have applied to the court to compel an amendment. * * * We suppose it to be the' purpose of this section to provide for cases where the pleading is defective in form, and to facilitate the correction of such defects where they seem likely to embarrass either party in asserting or protecting his rights."

In Rosenthall v. Rosenthall, 10 N. Y. Supp. 455, the General Term of the First Department required plaintiff, in an action to recover money alleged to have been deposited with defendant for investment or to be returned upon demand, where the complaint alleged failure to invest and a demand to return, to set forth the date of the demand. The court said:

"The defendant was entitled to knowledge of the time and place of the demand. If that ceremony or incident is a necessary factor of the plaintiff's case, it should be so averred, that the defendant may not only answer it, but be prepared to meet it. It is not an answer that the requirement demands an expose of the plaintiff's evidence. It does not relate to the manner of proof, but to the complete averment of a fact, namely, the time of the occurrence of an important part of the plaintiff's case, and which, being given, may have an equally important bearing upon the answer to be made by the defendant."

In First Presbyterian Church v. Kennedy, 72 App. Div. 82, 76 N. Y. Supp. 284, plaintiff was compelled to make his complaint definite by stating whether the contract declared upon was in writing, to enable plaintiff to plead the' statute of frauds, if he so desired. This case was followed in Citizens' Central Nat. Bank v. Munn, 49 Misc. Rep. 319, 321, 99 N. Y. Supp. 191, 193, in which Mr. Justice Blanchard, states:

"The motion to make the pleading more definite and certain is intended, primarily, to aid the opposing party to plead; while the motion to direct a bill of particulars is intended, primarily, though not solely, to prevent surprise upon the trial."

Where the allegation of a material fact fails to state the time when it happened, and it is necessary that the time be known to enable the opposing party to set up a defense, such allegation is so indefinite and uncertain that the precise meaning or application of the allegation is not apparent, and the court may require the pleading to be made definite and certain by amendment. To enable the defendant to plead the defense of accommodation or other special defense the time of assign-

ment to plaintiff is material as showing whether the precise meaning of his allegation is that he took as a holder in due course, or whether he took subject to all existing infirmities. There appears to be no authority upon the precise question in an action at law; but it has been held in a suit in equity, where plaintiff sought to establish title by assignment of certain shares of stock, that he must state the date when the stock was transferred to him. Ruggles v. O'Brien, 79 App. Div. 641, 79 N. Y. Supp. 940.

Motion granted, with $10 costs.