(96 Misc. Rep. 47)

·HOOPER v. CITY OF NEW YORK et al.

(Supreme Court, Special Term, Kings County. June, 1916.)

1. PLEADING ☞367(5)—AMENDMENT TO CURE UNCERTAINTY.

Code Civ. Proc. § 546, providing that the court may require a pleading to be made definite and certain by amendment, where one or more of its denials or allegations are so indefinite or uncertain that the precise meaning or application thereof is not apparent, applies to answers as well as to complaints.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1174½, 1183; Dec. Dig. ☞367(5).]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

2. PLEADING ☞367(5)—MOTION TO AMEND—PROPRIETY OF PROCEDURE.

A motion to compel an amendment of a pleading by making it definite and certain, and not a bill of particulars, is the proper procedure where the information sought is a material fact of the cause of action or defense.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1174½, 1183; Dec. Dig. ☞367(5).]

3. QUIETING TITLE ☞37(1)—PLEADING—ANSWER—INDEFINITENESS.

In an action to compel the determination of a claim to realty against the city of New York, under Code Civ. Proc. § 1638, section 1639, providing that the complaint must set forth facts showing plaintiff's right, etc., with the source from which his title immediately accrued to him, and section 1641, permitting a defendant to plead its title, but providing that it must do so "as in a complaint for the same cause of action," where defendant's answer stated that its title came through charters or patents granted by colonial Governors of the province of New York, and also by virtue of the several Constitutions and laws of the state of New York, without mentioning dates or names, such answer should have stated what colonial Governors granted the charter, whether it was recorded and where, and what law of the state vested defendant with title.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. § 78; Dec. Dig. ☞37(1).]

4. PUBLIC LANDS ☞163—GRANTS FROM SOVEREIGNS.

Grants from the sovereign, unlike those from a private individual, must be recorded to be valid.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 460–465; Dec. Dig. ☞163.]

5. STATUTES ☞280—PRIVATE STATUTE—PLEADING.

A private act of the Legislature must be pleaded, under Code Civ. Proc. § 530, providing that it is sufficient to designate the statute by its chapter, year of passage, title, etc.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 379; Dec. Dig. ☞280.]

Action by Hannah McCune Hooper against the City of New York and others. On motion to compel defendant City to make part of its answer definite and certain, as provided by Code Civ. Proc. § 546. Motion granted.

Francis J. Byrne, of New York City, for plaintiff.

Lamar Hardy, Corp. Counsel, of New York City (John J. Mead, of Brooklyn, of counsel), for defendant.

CROPSEY, J. This action is brought under section 1638 of the Civil Code. The complaint sets forth plaintiff's claim and gives with specification the manner in which she acquired her title, as required by section 1639. The answer of the city, in addition to denying the material allegations of the complaint, pleads as a defense that the city has title to the property involved, and demands judgment barring the plaintiff from possession and adjudging that the city is entitled to possession. Paragraph 8 of the answer reads as follows:

"(8) That the sources from which the city of New York derives its title to such premises are the charters or patents granted to the freeholders and inhabitants of the town of Gravesend, by the colonial Governors of the province (sic?) of New York, pursuant to the authority in them vested by the Crown and Parliament of Great Britain, and also by virtue of the several Constitutions and laws of the state of New York."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1, 2] This motion is to compel the defendant the city of New York to make this part of its answer definite and certain, as provided by section 546 of the Civil Code. That section applies to answers as well as to complaints. Rouget v. Haight, 57 Hun, 119, 10 N. Y. Supp. 751. While at times there seems to have been some uncertainty when such motions were the proper remedy and when bills of particulars should be sought, the general rule is that a motion to compel an amendment of the pleading by making it definite and certain is the proper procedure, where the information sought is a material fact of the cause of action or defense. Warner v. James, 94 App. Div. 257, 87 N. Y. Supp. 976; Dumar v. Witherbee, Sherman & Co., 88 App. Div. 181, 184, 84 N. Y. Supp. 669; Smith v. Irwin, 45 Misc. Rep. 262, 266, 92 N. Y. Supp. 170.

[3] In the case at bar the plaintiff asks that the dates of the charters be given and the specific reference to their recording. Section 1641 of the Civil Code permits a defendant in an action of this nature to plead its title, but provides that it must do it "as in a complaint for the same cause of action." And section 1639 says a complaint must—

"set forth facts showing: 1. The plaintiff's right to the real property; whether his estate therein is in fee, or for life, or for a term of years not less than ten; and whether he holds it as heir, devisee or purchaser, *with the source from or means by which his title immediately accrued to him.*"

The answer does not give with any definiteness the "source" of the city's title, or the "means" by which it "immediately accrued" to it. It says that defendant's title came through "charters or patents" granted "by the colonial Governors of the province of New York," *and* also "by virtue of the several Constitutions and laws of the state of New York." Not a date is given; not a name is mentioned; no reference is made that would enable the plaintiff to know really what the city does claim. The language is about as broad and indefinite as could be imagined. What colonial Governor granted the charter? Was it recorded? And where? What law of this state vested the city with title?

[4] These and other matters should be stated. Whether the charter or patent was filed or recorded may be material upon the question of the validity of the city's title. It was the law of England that the crown could alienate only by recorded documents. The Duke of York's Laws, promulgated in 1664, provide for such a record. Colonial Laws, vol. 1, pp. 31, 62, 77. This provision was continued in force by the state Constitution. See N. Y. C. & H. R. R. Co. v. Brockway B. Co., 158 N. Y. 470, 53 N. E. 209. And the courts have recognized this difference between grants from the sovereign and from a private individual, holding that the former must be recorded to be valid. McKineron v. Bliss, 31 Barb. 180, 182; Bledsoe's Devisees v. Wells, 4 Bibb (Ky.) 329; N. Y. C. & H. R. R. Co. v. Brockway Brick Co., 10 App. Div. 387, 389, 41 N. Y. Supp. 762, affirmed 158 N. Y. 470, 53 N. E. 209.

While no case has been found that relates to the Code sections in question here, or to the situation created by the city's answer, there are a number of authorities which justify and require the granting

of this motion. It has been held that such a motion is proper to require a reply to state whether a judgment for costs (set up as a counterclaim) had been paid before or after suit was begun (Bennett v. Lawrence, 71 App. Div. 413, 75 N. Y. Supp. 902); to require a complaint to set forth what regulations the defendant is alleged to have disregarded, and by whom they were made, which are charged as a basis of recovery in an action for negligence (Harrington v. Stillman, 120 App. Div. 659, 105 N. Y. Supp. 75); to require a complaint to state the date or dates of publication in a libel action, so it might appear if more than one cause of action was pleaded (Cerro De Pasco Co. v. Haggin, 106 App. Div. 401, 94 N. Y. Supp. 593); to require a complaint to state if the contract sued on was in writing, to enable defendant to plead the statute of frauds (First Presbyterian Church v. Kennedy, 72 App. Div. 82, 76 N. Y. Supp. 284); to require a complaint to state if note sued upon was transferred to plaintiff before or after maturity (McGehee v. Cooke, 55 Misc. Rep. 40, 105 N. Y. Supp. 60); to require a complaint to state the specific real estate claimed to have been conveyed and the kind and quantity of personal property transferred (Brinkerhoff v. Perry, 59 How. Prac. 156, note).

[5] The language of section 1639 evidently intends that the source of the party's title should be given specifically. It would serve no useful purpose otherwise. If a statement, that title came from the state, or by act of the Legislature, without giving any particulars, was a compliance with the provision, the latter would seem to be an unnecessary requirement. The object is to require the particulars of the title to be given. If the act of the Legislature was a general statute, then that statute should be named. If it was a private act, then it should be pleaded, as the Code provides. Section 530.

Motion granted, with $10 costs. Settle order on notice.