SCHMIDTKUNST *v.* SUTRO *et al.*

(*Common Pleas of New York City and County, General Term.*    December 3, 1888.)

PLEADING—COMPLAINT—CERTAINTY—PERSONAL INJURIES.

    An allegation that defendants negligently allowed a step-ladder in their factory to become unsafe, whereby it gave way, and caused the injury, is sufficiently definite and certain, without specifying the particular defect causing the ladder to break down.

Appeal from trial term.

Action by Caroline Schmidtkunst, administratrix of Paul Schmidtkunst, deceased, for a personal injury received by the decedent while in the employ of defendants, Emanuel S. Sutro and Bernhard Newmark. The complaint alleged that the injury was caused by defendants negligently allowing a step-ladder in their factory to become unsafe and insecure, and dangerous, out of order, faulty, and dangerous to life and limb. From an order denying their motion to make the allegation more definite and certain, defendants appeal. Argued before LARREMORE, C. J., and VAN HOESEN, J.

*Townsend, Dyett & Einstein,* (*H. E. Yonge,* of counsel,) for appellants. *August P. Wagener,* for appellee.

VAN HOESEN, J. The order should be affirmed, with costs. The complaint alleges that the step-ladder was unsafe; that it gave way, and precipitated the plaintiff to the floor, whereby two of his ribs were broken. The meaning of this allegation is perfectly apparent, and the difficulty that the defendant experiences is not in understanding what he is charged with, but in ascertaining, in advance of the trial, what weak spots in the ladder the plaintiff expects to point out to the jury. It is obvious, therefore, that the allegation is not indefinite or uncertain, and that the application for information as to the defects in the ladder ought not to have been made, under section 546 of the Code. If the defendant had applied for a bill of particulars, though his motion would have been made under section 531, (which is the section that applies where a party desires information as to the details of a charge that his adversary has made against him in general terms, though in language so intelligible that the accusation is unmistakable,) it does not follow that he would have been successful. Where a step-ladder that an employer provides for the use of his servant breaks down; where the servant is thrown to the ground thereby, and is seriously injured; where the step-ladder is in the possession of the employer, and was never seen by the servant before he was told to go upon it; and where the servant has never seen it since the injury,—it is not likely that any court would call upon the servant to specify the cause of the collapse of the ladder, under pain of losing compensation for his injuries if he did not, in his bill of particulars, mention the very defect that, in the opinion of the jury, caused the breakdown. Again, there are cases to which the maxim *res ipsa loquitur* applies, and in such cases the plaintiff is not called on to give particulars, because the explanation of the cause of the accident is then devolved upon the defendant. It might turn out upon a motion for a bill of particulars that this case was one of that class. Order affirmed, with costs.

LARREMORE, C. J., concurs.