PATRICK JACKMAN, RESPONDENT, v. FRANKLIN B. LORD, APPELLANT, IMPLEADED, ETC.

*Motion to make a complaint more definite and certain — a statement of the particular acts of negligence not required — the proper remedy is by a bill of particulars.*

In an action brought to recover damages resulting to the plaintiff from an injury in the public streets of the city of New York, the complaint alleged that the plaintiff was injured by being hit by some object thrown from the premises of the defendant by an explosion of gas thereon, which explosion was caused by the negligence of the defendant.

*Held,* that a motion on the part of the defendant for an order requiring the complaint to be made more definite and certain, by setting forth what act of negligence, if any, on the part of the defendant, was claimed to have caused the explosion of gas alleged in the complaint, was properly denied.

That the remedy, if any, of the defendant, was to apply for an order requiring plaintiff to furnish a bill of particulars setting forth the particular acts of negligence which he proposed to prove on the trial.

APPEAL by the defendant Franklin B. Lord from an order entered, in the above-entitled action, in the office of the clerk of the county of New York on the 30th day of December, 1889, denying a motion of the said defendant Lord that the complaint in said action be made more definite and certain by setting forth what act or neglect, if any, on the part of the defendant, is claimed to have caused the explosion of gas alleged in the third clause of the complaint.

*G. de F. Lord,* for the appellant.

*Hermon H. Shook,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover for injuries caused by an explosion, the plaintiff being at the time in the public streets of the city of New York. The complaint alleges the incorporation of the defendant, The Consolidated Gas Company, and that the defendant Lord was, at the time of the explosion, the owner of the premises No. 409 Grand street; that on the 16th of August, 1889, the plaintiff was lawfully on the public highway in the city of New York known as Grand street, at the corner of Clinton, when he was injured by being hit by some object thrown from said premises by an explosion of gas thereon, which explosion was caused by the negligence of the defendants, without any fault or carelessness on his part, and that in consequence the plaintiff suffered damages for which he prayed judgment. A motion was made upon the part of the defendant Lord for an order requiring the complaint to be made more definite and certain by setting forth what act or neglect, if any, on the part of the defendant is claimed to have caused the explosion of gas alleged in the complaint. This motion was denied, and from the order thereupon entered this appeal is taken. It would appear that the object of the defendant's motion was to compel the plaintiff to set out the evidence of the negligence which had been alleged by his complaint as against the defendants. It is sought to have him specify in the complaint what act or neglect, if any, on the part of the defendants, is claimed to have caused the explosion alleged in the complaint.

It is not claimed that the complaint is deficient in allegations so as to be demurrable, but the evidence of negligence alleged in the complaint is sought to be incorporated in the complaint for the avowed purpose of determining which of the defendants might be considered responsible therefor, if either.

We think that the appellant has mistaken his remedy, and that the complaint is sufficiently definite and certain; and if a proper case is made out to restrict the general allegations of the complaint, it should be by a bill of particulars, in which the plaintiff might be compelled to state the particular acts of negligence which he would offer to prove on the trial. We do not understand that where a general allegation in the complaint is sufficient to make a good cause of action that the court can compel the allegation of specific facts leading to the general conclusions alleged in the complaint. This office is served by a bill of particulars, by which a party, in a proper case, is apprised of the particular facts which the plaintiff will seek to prove, and being so apprised cannot be surprised at the trial.

We think, therefore, that the order appealed from should be affirmed, with ten dollars costs and disbursements.

Brady and Daniels, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.