EDWARD ROUGET, Respondent, v. THEODORE HAIGHT, Appellant, Impleaded, etc.

*Motion to make a pleading more definite and certain — or for a bill of particulars — which is the proper remedy.*

The remedy afforded by an application to the court to make the averments in an answer more definite and certain can only be resorted to when the allegations thereof are so indefinite that the precise nature of the defense is not apparent.

Where the defense is definitely stated, although the statement thereof is wanting in details, the remedy lies in an application for a bill of particulars.

Appeal by the defendant Theodore Haight from an order, entered in the office of the clerk of the county of New York on the 21st day of March, 1890, after a hearing at Special Term, directing said

defendant to make certain allegations in the tenth and eleventh paragraphs of his answer more definite and certain.

The action was brought against the defendants to recover $7,500 upon a sealed instrument, which is set out in full in the complaint. The answer of the defendant Theodore Haight alleges as a counter-claim that it was agreed between plaintiff and himself that plaintiff should advance to defendant sums of money, not to exceed $10,000, to be used by defendant in dealing in oil and stocks; that all purchases of such oil and stocks, and all dealings therein, should be at defendant's risk and in his name, and that he should do all the necessary work in and about the same, and that plaintiff should, as his profit, receive fifteen per cent on the amount advanced by him; that, relying upon this agreement, defendant made certain purchases of oil and called upon plaintiff to advance the money to pay for the same, which was refused; that defendant was damaged by such refusal, being unable to complete his purchase as he had contracted to do.

The order appealed from directs defendant to amend his answer by showing whether this agreement was a written or verbal one, and to make the eleventh paragraph of the answer more definite and certain by stating the dates of purchase, the names of the sellers and the quantities of oil purchased, and by showing wherein defendant suffered damage, *i. e.*, the items of damage.

*Wyatt & Trimble*, for the appellant.

*Samuel Cohen*, for the respondent.

BRADY, J.:

The defendant was not obliged to state whether the agreement upon which his counter-claim rests was in writing or not. In the language of the Court of Appeals, it was sufficient for him to allege the contract and breach without any specification of the evidence thereof. (*Tuttle* v. *Hannegan*, 54 N. Y., 686.) The plaintiff in that case sought to recover damages for a breach of a contract, and on the trial offered in evidence a written instrument in the form of a bond containing the agreement. It was objected that the action should have been brought thereon, but the court admitted it. It was held that no error was committed, and for the reason stated.

The purchases and sales alleged to have been made under the agreement are not stated in detail, but, nevertheless, the cause of action is stated with sufficient definiteness to make apparent what the defendant claims. It is stated, generally it is true, and in such a mode as to show that there are items constituting it. That, however, does not give the right to the remedy which may sometimes be invoked of making the averment more definite and certain. It can only be sought when the allegations are so indefinite that the precise nature of the charge or defense is not apparent. Here there is no doubt of the nature of the defense. The plaintiff is not, however, remediless, inasmuch as he may ask for the particulars and obtain them. (*Tilton* v. *Beecher*, 59 N. Y.,176.) In this case the border line between these remedies seems to have been reached, and illustrates how slight a difference may exist between the conditions requiring the application of the one or the other. It appears to be settled that if the charge or defense be definitely stated, although the statement involves details, it is sufficient to put the party to an application for a bill of particulars and compels him to resort to that remedy, although the result of either application would be the same. (See *Jackman* v. *Lord*, 30 N. Y. St. Rep., 507; *Tilton* v. *Beecher, supra.*)

The order appealed from should, for these reasons, be reversed, with ten dollars costs and the disbursements of this appeal.

Van Brunt, P. J., and Daniels, J., concurred.

Order reversed, with ten dollars costs and the disbursements of this appeal.