## COOK *v.* MATTESON.

*(Superior Court of Buffalo, General Term.   October 30, 1890.)*

**1. PLEADING—MOTION TO MAKE MORE DEFINITE.**

An answer alleged by way of counter-claim that plaintiff induced defendant to purchase a piece of land, defendant to pay the purchase money, take plaintiff's note for a portion thereof, and allow the balance of plaintiff's portion to be paid by his services in selling the land, plaintiff to become a part owner thereof; that plaintiff was acting as the agent of the owners of such land in effecting such sale, but fraudulently concealed it from defendant; that plaintiff falsely represented that the purchase price was $750 more than the owners were to receive, which amount plaintiff was, by agreement with the owners, to receive for making the sale; that plaintiff fraudulently concealed this fact from defendant, who paid said sum to the owners, and the same was thereafter paid to plaintiff; that on account

thereof plaintiff had received and held said sum to the use and benefit of defendant; that plaintiff neglected and refused to pay the same to defendant, to the damage of defendant in the sum of $750. *Held*, that the answer was sufficiently definite, and that an order requiring defendant to state definitely the price of land,. when and from whom bought, etc., was erroneous.

2. SAME—SET-OFF.
    The allegations of the answer, coupled with a demand for judgment, not for damages, but for money and costs, show an intention to set up a claim founded on a contract, and not on tort.

8. SAME.
    Under the facts stated in the answer the allegations of fraudulent acts may be treated as surplusage, and in such case a motion to make more definite will not be granted.

Appeal from special term.

Action by John A. Cook against Judiah H. Matteson. From an order directing an amended answer to be made more definite and certain, defendant appeals.

Argued before BECKWITH, C. J., and HATCH, J.

*Frank C. Ferguson,* for plaintiff.     *Harlan J. Swift,* for defendant.

HATCH, J.     The motion in form was to amend the answer, but the recitals in the order as entered show that the amended answer had been, or was then, served, and that by consent the whole was considered. As the amended answer superseded the original, and the parties appeared by consent and argued the motion, and the order was to make the amended answer more definite, the court must now treat it as though the motion was to correct the amended answer, as that was the only pleading to which the motion could be made applicable and effectual at the time it was heard. It will not be presumed that the court heard an argument, and made an order affecting a pleading which had been superseded and was of no vitality, especially when the amended answer was referred to in terms, and was then the answer in the case. While we think the court had jurisdiction to make the order, we are of opinion that the plaintiff failed to show himself entitled to the order asked or granted. The motion is to be determined upon an inspection of the pleading, and if, from such inspection, the court can see with reasonable certainty the meaning of the allegations and the cause of action intended therein to be set forth, the pleading will be held sufficient to resist a motion to make it more definite. *Brownell* v. *Bank,* 13 Wkly. Dig. 371. The right to relief depends upon whether or no the charge is obscure. If the precise nature of the charge is apparent, then the statute is not authority for granting relief. *Tilton* v. *Beecher,* 59 N. Y. 183. Insufficiency in this respect must plainly appear. *People* v. *Tweed,* 63 N. Y. 202. Tested by these rules, we think the portion of the answer which the order aims at is sufficient. It alleges by way of counter-claim that while plaintiff was working for defendant he induced him to purchase a piece of land in the city of Buffalo, defendant to pay the purchase price and take plaintiff's note for a small portion thereof, and allow the balance of the purchase price of plaintiff's portion. to be paid for by his services in selling the land, plaintiff to become a part owner thereof; that the defendant, induced thereby by plaintiff, entered into a contract for the purchase of the land, advanced such portion of the purchase price as was needed to consummate the purchase, became obligated to pay the remainder, and took plaintiff's note for the sum of $500, which was. his portion of the purchase price for which he was to give a note. It then alleges that about the time of making said agreement plaintiff was employed by the persons having said land for sale to effect a sale thereof, and that he was acting as their agent in effecting such sales, and fraudulently concealed it from defendant; that when said contract was effected, while plaintiff was acting as agent of the owners of the land, and in order to sell the same to defendant, he falsely and fraudulently represented that the purchase price

was $750 more than the parties for whom the plaintiff was acting asked or were to receive for the land, which amount, under an agreement with the owners, he was to receive for effecting the sale; that plaintiff fraudulently concealed this from defendant, and permitted him to pay to the owners said sum, and the same was thereafter paid to plaintiff; that, on account thereof, plaintiff has received and holds said sum for the use and benefit of defendant; that plaintiff neglects and refuses to pay over said sum, or any part thereof, to the damage of defendant in the sum of $750. Stripped of verbiage, these are the allegations. From them we have no difficulty in seeing that the intent of the pleader was to allege a joint purchase of land, defendant to advance the money, taking plaintiff's note for a portion of his payment, he engaging to render services in connection therewith for the balance, each sharing equally therein; that defendant took the note, paid the necessary money to consummate the purchase, and then discovered that plaintiff was the agent of the owners, and received $750 for effecting the sale. It is unnecessary to determine whether, from these facts, defendant becomes entitled to receive back the $750 as a legal result. It is sufficient to say that the allegations themselves are clear and intelligible. The order as made requires defendant to state definitely the piece of land, locating and describing it, when he bought, from whom, and who were the owners; what interest the plaintiff had, and what his relation and connection with the transaction was; under what arrangement plaintiff's note for $500 was taken, and the other facts with definiteness upon which he bases the counter-claim for $750. It is at once apparent that what is here sought for, and directed, is not definiteness of allegation, but particularity of statement. As was said by Judge RAPALLO, in *Tilton* v. *Beecher, supra,* the section of the Code invoked "enables a party to obtain a definite statement in the pleadings, of the nature of the charge intended to be made against him, but not of the particulars or circumstances of time or place." In *McCarthy* v. *Railroad Co.,* 6 N. Y. Supp. 560, the allegation was that "defendant carelessly and negligently ran and propelled one of its cars upon and against the plaintiff, whereby he was injured." A motion to make more definite and certain was denied, the court saying: "It is difficult to see how the facts could be more clearly and concisely stated, unless the particular circumstances, showing the conduct of the defendant's servants, are required to be given; and such circumstances, merely tending to prove the facts, need not be alleged, and have no place in a pleading." *Brown* v. *Champlin,* 66 N. Y. 219; *Lahey* v. *Kortright,* 55 N. Y. Super. Ct. 156–160; *Williams* v. *Folsom,* 10 N. Y. Supp. 895. In addition to this, the plaintiff is shown, by the allegations, to be possessed of equal information, upon the subject on which he desires information, with the defendant. As he must know whether or not he made the contract as alleged and the circumstances connected therewith, more definiteness of statement can scarcely add to his information. *Brinkerhoff* v. *Perry,* 12 Wkly. Dig. 459; *Schmidtkunst* v. *Sutro,* 2 N. Y. Supp. 706. If plaintiff be entitled to any information, it would seem to fall more appropriately within the office of a bill of particulars. It is suggested that the order is needed to determine whether the pleading sounds in tort, and, if so, plaintiff desires to demur thereto.

A fair construction of the fourth answer shows it to allege a counter-claim for money had and received to defendant's use, and the whole pleading shows that the pleader intended to set up a claim founded upon both an express and implied contract, while the demand for judgment is not for damages, but for money and costs. This sufficiently characterizes the pleading. *McDonough* v. *Dillingham,* 43 Hun, 493. Under the facts stated in this pleading the allegations of fraudulent acts may be treated as surplusage, and where such is the case motion will not be granted to make them more definite. *Davidson* v. *Seligman,* 51 N. Y. Super. Ct. 47. There is here presented no

such absence of certainty in allegation as will uphold the order made. It is therefore reversed and set aside, with $10 costs and disbursements.

TITUS, J., did not sit in this case.

BECKWITH, C. J., concurs.