issue was joined in the action. Nor does plaintiff offer any excuse or explanation for such gross laches. The suit was actually begun over three years ago, and this application is evidently an afterthought. I am of opinion it should not be granted. Glasberg v. Railroad Co., 12 Civ. Proc. R. 50. An application of this nature should be made upon or soon after the commencement of the action. Ostrander v. Harper, 14 How. Pr. 16. The motion must be denied, but without costs. Motion denied, without costs.

(10 Misc. Rep. 27.)

## MADDEN v. UNDERWRITING PRINTING & PUB. CO.

(Superior Court of New York City, Special Term. October, 1894.)

PLEADING—BILL OF PARTICULARS.

Where an answer alleges that plaintiff, in order to procure insurance, gave rebates, in violation of Pen. Code, § 577b, plaintiff is entitled to a bill of particulars showing the times, places, and manner of such rebates, and the names of the persons to whom they were made.

Action by James J. Madden against the Underwriting Printing & Publishing Company for libel. Plaintiff moves for a bill of particulars, or to make the answer more definite and certain.

W. F. Severance, for the motion.
Herbert Barry, opposed.

GILDERSLEEVE, J. The action is to recover damages for an alleged libel. Paragraph 7 of the answer alleges, on information and belief, that:

"The said Madden therein mentioned, being an agent of the Equitable Life Assurance Society of the United States, a life insurance corporation doing business in New York state, on one or more occasions paid or allowed, or offered to pay or allow, as an inducement to a person or persons to insure, a rebate or premium, or some special favor or advantage in the dividends to accrue thereon, or some inducement not specified in the policy."

This allegation charges plaintiff with committing an offense prohibited by Pen. Code, § 577b. The plaintiff demands a bill of particulars setting forth the times, places, and manner of such payments, allowances, and offers, and the names of the persons to whom they were made; or that paragraph 7 of the answer be made more definite and certain. Defendant claims, in the affidavit handed up on this motion, that:

"The only evidence which defendant at present has of the said facts consists of admissions made by the said Madden himself; that these admissions do not specify the particulars demanded by plaintiff in his demand for particulars, but merely admit the facts as stated in the said paragraph of defendant's answer."

The defendant cites the case of Ammidon v. Rubber Co. (Super. N. Y.) 14 N. Y. Supp. 769, in support of the contention that defendant should not be required to furnish a bill of particulars when it denies any adequate knowledge of the particulars demanded. I do not think the case applies. While it is true that a bill of particulars should not be directed where it tends to defeat or impair jus-

tice, and that the court must exercise a wise discretion in granting or withholding the order, still I am of the opinion that in this case, if the defendant intends to introduce testimony on the trial in support of the allegations of the seventh paragraph of the answer, it is only fair that the plaintiff should have a chance to guard himself against undue surprise at the trial. The alternative relief asked on this motion is that the paragraph be made more definite and certain. This, however, is hardly a case to admit of such a mode of relief. The Code (section 546) permits this to be done where the denials or allegations are "so indefinite or uncertain that the precise meaning or application thereof is not apparent." This can hardly be said to apply to the allegation of paragraph 7 of the answer. If the court can see the meaning of the allegations with ordinary certainty, the pleading is not indefinite. Brownell v. Bank, 13 N. Y. Wkly. Dig. 371; Tilton v. Beecher, 59 N. Y. 176; Rouget v. Haight, 57 Hun, 119, 10 N. Y. Supp. 751; Olcott v. Carroll, 39 N. Y. 436. Moreover, further on in the answer the defendant alleges that plaintiff personally stated to a representative of defendant that he, the plaintiff, as an insurance agent, had given away part of his commission to the insured in order to secure new business, etc., of which allegation no demand for particulars is made. It therefore seems to me, in view of all the facts before me on this motion, that the defendant should furnish a bill of particulars, as demanded, if it intends to introduce evidence on the trial in support of the allegations contained in paragraph 7 of the answer. The order may be settled on notice. No costs of motion. Motion granted, without costs.