(12 Misc. Rep. 457.)

### KELLY v. KELLY.

(Superior Court of New York City, Special Term. May, 1895.)

1. PLEADING—MOTION TO STRIKE OUT—SHAM ANSWER.
 An answer on information and belief will not be stricken out as sham unless it clearly appears that there could not have been any information or belief.

2. SAME—BILL OF PARTICULARS.
 Where the answer in a divorce suit alleges that plaintiff during a certain period committed adultery in the city of New York "with some man or men whose name or names are at the present time unknown to this defendant," a motion to make it more definite and certain by stating the places and dates when and where such acts of adultery occurred will not lie, but plaintiff's remedy is by a bill of particulars.

Action by Jennie E. Kelly against Daniel J. Kelly for divorce. Plaintiff's motion to strike out the third defense of the amended answer, as sham, and to make more definite and certain a portion of the second further and separate defense set up in the answer, denied.

W. L. Cannon, Jr., for the motion.
Arthur C. Butts, opposed.

GILDERSLEEVE, J. This is a motion (1) to strike out the third defense of the amended answer, as sham; and (2) to make more definite and certain a portion of the second further and separate defense set up in said amended answer. The defense which is claimed to be sham sets forth a former marriage of the plaintiff, stated to be alleged on information derived from the plaintiff herself. The rule is well established that a pleading on information and belief should not be stricken out, as sham, unless it clearly appears that there could not have been any information or belief (see Webb v. Foster, 45 N. Y. Super. Ct. 311), and that the defense must be false, in the sense of being a mere pretense, set up in bad faith, and without color of fact (see Kiefer v. Thomass, 6 Abb. Prac. [N. S.] 42). It does not seem to me that the motion herein meets the requirements of this rule.

With regard to the motion to make more definite and certain the allegation that "during the year 1894, prior to the 19th day of December, 1894, the plaintiff, without the connivance, consent, privity, or procurement of this defendant, had sexual intercourse with some man or men whose name or names are at the present time unknown to this defendant, but that such sexual intercourse took place in the city of New York," by stating the places and dates when and where such sexual intercourse was had. It seems to me

that plaintiff has mistaken her remedy. Instead of making this motion she should have applied for a bill of particulars. If, looking at the pleading, the court can see with ordinary certainty the meaning of the allegation, and the defense intended to be set up thereby, the pleading will be held sufficient to resist a motion to make it more definite. See Cook v. Matteson (Super. Buff.) 11 N. Y. Supp. 572. A bill of particulars is the appropriate remedy where a party seeks to be fully apprised of the particulars or circumstances of time and place of the matter set forth in his opponent's pleadings. See Durant v. Electric Light Co. (City Ct. N. Y.) 2 N. Y. Supp. 389. For the reasons above stated the motion must be denied, with $10 costs, to abide the event.

Motion denied, with $10 costs, to abide event.