### BENNETT v. LAWRENCE.

(Supreme Court, Appellate Division, Second Department. April 18, 1902.)

PLEADING—REPLY—AMENDMENT—ORDER TO MAKE MORE CERTAIN.

Under Code Civ. Proc. § 546, providing that, where allegations in a pleading are so indefinite or uncertain that the precise application thereof is not apparent, the court may require the pleading to be made more definite and certain, the court properly ordered an amended reply alleging payment of the counterclaim set up in the answer to be made more certain by stating the date of the alleged payment, where such date was essential in determining the effect of the reply.

Appeal from special term.

Action by Samuel A. Bennett against James V. Lawrence. From an order directing the plaintiff to make more certain his amended reply, the plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Frederick W. Mattocks, for appellant.
Ralph Earl Prime, Jr., for respondent.

GOODRICH, P. J. In an action on a promissory note for $354.-69, commenced October 24, 1901, the defendant served an amended answer on January 2, 1902, in which he counterclaimed a judgment of $40.70 for costs in an involuntary bankruptcy proceeding against the defendant, commenced by the plaintiff and by Cole and Schupner and decided in favor of the defendant before the commencement of the present action, and alleged that the plaintiff had not paid the same. The plaintiff served his reply on January 8, alleging that on January 2, 1902, Cole paid the defendant the said costs. The defendant demurred, and the plaintiff served an amended reply on January 18, 1902, which contained an allegation of the payment of the said costs without specifying the date of such payment. A motion was then made by the defendant for an order requiring the plaintiff to make the allegation of the amended reply more definite and certain, on the ground that the date of the payment is essential,

because no payment made subsequently to the service of the answer is available, and that when the date of payment, that is, January 2d, is alleged, the reply will be demurrable. The court ordered the plaintiff to make the reply more definite by setting up the date of such payment with reference to the commencement of the action, and the plaintiff appeals.

The rights of the parties to a legal action must be determined as they existed at the time of the commencement of the action. Wisner v. Ocumpaugh, 71 N. Y. 113. Where some event has happened subsequently, it should be presented by supplemental pleading. Styles v. Fuller, 101 N. Y. 622, 4 N. E. 348; section 544, Code Civ. Proc. The date of the payment is essential to show whether the payment was made before or after the commencement of the action, so as to enable the defendant to demur to the answer if it shall appear that the payment was made after the commencement of the action, for such fact can be set up only by supplemental pleading. In People v. Ryder, 12 N. Y. 433, the court held that if the time when a fact happened is a material fact to constitute a cause of action, it should undoubtedly be stated, and that, if it is not, the court may require the pleading to be made more definite and certain. Section 546 of the Code of Civil Procedure provides that where allegations in a pleading are so indefinite or uncertain that the precise application thereof is not apparent, the court may require the pleading to be made more definite and certain. This is a matter in the discretion of the court, and we are of opinion that discretion was wisely exercised by the city judge of Yonkers.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur, except HIRSCHBERG, J., who takes no part.