JOSEPHINE DUMAR, as Administratrix, etc., of MOSES DUMAR, Deceased, Appellant, v. WITHERBEE, SHERMAN & COMPANY, Respondent.

*Motion that a complaint be made definite or certain — when in an action to recover for injuries from a falling rock in a mine the motion should be for a bill of particulars.*

A motion to make a pleading more definite and certain is proper only where the precise meaning and application of an allegation of the pleading is indefinite or uncertain.

If the purpose of the party is to obtain a more particular statement of his opponent's claim, for the purpose of narrowing the issues at the trial or to prevent surprise, his remedy is by an application for a bill of particulars.

Where, therefore, the complaint in an action brought to recover damages resulting from the death of the plaintiff's intestate, who, while employed by the defendant as a miner, was crushed to death by a falling rock, alleges that the rock "Fell from the side wall or roof or other portion of the defendant's mine in which plaintiff's intestate was employed," the defendant is not entitled to have the complaint amended "so [as] to particularly state, definitely and with certainty, the particular wall, roof, or other portion of defendant's mine, describing the same definitely, from which the large rock referred to in the complaint fell and killed plaintiff's intestate."

APPEAL by the plaintiff, Josephine Dumar, as administratrix, etc., of Moses Dumar, deceased, from an order of the Supreme Court, made at the Montgomery Special Term and entered in the office of the clerk of the county of Essex on the 29th day of June, 1903, directing the plaintiff to serve an amended complaint setting forth the particulars in said order stated.

This action is brought to recover damages, alleging that the defendant, by its negligence, caused the death of the plaintiff's intestate. It is alleged in the complaint : "That plaintiff's intestate was in the employ of defendant on September 20, 1902, in its

said mines, and operating for defendant compressed air drills therein, and performing other duties as a miner, under the direction of defendant; that while so engaged and employed a large rock fell from the side wall or roof or other portion of the defendant's mine in which plaintiff's intestate was employed, upon plaintiff's intestate, crushing him and causing his immediate death."

The complaint contains allegations relating to the specific negligence of the defendant, and further alleges that the plaintiff had conferred with the defendant, its officers and representatives at their request, and that at the conferences " all the facts and circumstances of the accident and injuries causing the death of plaintiff's intestate were fully talked over and stated to the defendant * * * and the defendant asserted that it knew all about the accident and injury as well as the time and place of its occurrence and had fully investigated the same."

The defendant, on said complaint and an affidavit of merits made by one of its attorneys, asked that the complaint be made more definite and certain, and the court, after hearing the parties, made an order that " plaintiff serve upon defendant's attorneys a copy of the complaint amended so to particularly state, definitely and with certainty, the particular wall, roof or other portion of defendant's mine, describing the same definitely, from which the large rock referred to in the complaint fell and killed plaintiff's intestate." From such order this appeal is taken.

*Thomas B. Cotter*, for the appellant.

*Fred W. Dudley*, for the respondent.

CHASE, J.:

A plaintiff in his complaint must make " a plain and concise statement of the facts." The defendant in his answer in addition to " a general or specific denial " can insert new matter constituting a defense or counterclaim " in ordinary and concise language," and the plaintiff in his reply, in addition to denials relating to the counterclaim, can insert, " in ordinary and concise language," new matter constituting a defense to the counterclaim if not inconsistent with the complaint. (Code Civ. Proc., §§ 481, 500, 514.) It thus seems to be the purpose of the statute to make the pleadings " concise." If the claims of the parties are not set forth with sufficient particu-

larity, " the court may in any case direct a bill of the particulars of the claim of either party to be delivered to the adverse party." (Code Civ. Proc. § 531.)

If a statement in a pleading be not plain, it is provided (§ 546) that " Where one or more denials or allegations contained in a pleading, are so indefinite or uncertain that the precise meaning or application thereof is not apparent, the court may require the pleading to be made definite and certain by amendment."

The corresponding section in the Code of Procedure (§ 160) reads: " * * * When the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defence is not apparent, the court may require the pleading to be made definite and certain, by amendment." Similar relief was obtained under the common-law practice by a special demurrer.

The reported decisions relating to motions to make a pleading definite and certain, and motions to direct the service of a bill of particulars, are conflicting and confusing, but all distinctions between such motions should not be abandoned. In *Tilton* v. *Beecher* (59 N. Y. 176) the court say : " It will be observed that it is only where the precise nature of the charge is not apparent that an application can be made under this section. It enables a party to obtain a definite statement in the pleading of the nature of the charge intended to be made against him, but not of the particulars or circumstances of time and place. For this purpose a different proceeding is pointed out, viz., an application under section 158,* which provides, among other things, that ' the court may in all cases order a bill of particulars of the claim of either party to be furnished.' "

It is true that the language of the court in *Tilton* v. *Beecher* (*supra*) was used in construing section 160 of the Code of Procedure, and that the language of section 546 of the Code of Civil Procedure is not exactly the same as that of the old Code, but the language used by the court in that case is applicable now. It is only where the " precise *meaning or application* " of an allegation of a pleading is indefinite or uncertain that the court can require the pleading to be amended. If the meaning and application of the allegation can be seen with reasonable certainty an amendment should not be directed. (*Cook* v. *Matteson,* 33 N. Y.

---

* Code of Procedure.— [REP.

St. Repr. 497; *Jackman* v. *Lord*, 56 Hun, 192; *Rouget* v. *Haight*, 57 id. 119; *Madden* v. *Underwriting Pub. Co.*, 10 Misc. Rep. 27.)

Unless the particulars or circumstances of time and place are material parts of the cause of action or defense, as in *Bennett* v. *Lawrence* (71 App. Div. 413); *First Presbyterian Church* v. *Kennedy* (72 id. 82) and other cases, they should be obtained, if at all, by a bill of particulars.

In this case plaintiff alleges in substance that decedent was engaged at his work under the direction of the defendant *in its mine*, and that while so employed and on account of the negligence of the defendant as stated in the complaint a large rock fell upon decedent causing his immediate death. The allegation that said rock " fell from the side wall or roof or other portion *of the defendant's mine*" is definite and certain in stating that it fell from a "portion of the defendant's mine." Is it possible for the defendant to say " that the precise meaning or application thereof is not apparent?" We think not. (*Schmidtkunst* v. *Sutro*, 16 Civ. Proc. Rep. 143.)

It may well be that the plaintiff should be required to furnish a bill of particulars stating with greater precision the place from which the rock fell. Whether a bill of particulars should be ordered may depend somewhat upon the size or number of defendant's mines, the circumstances relating to the accident and the knowledge that the plaintiff and defendant respectively have in regard to the particulars desired. Any facts material to the question as to whether a bill of particulars should be ordered, can, on on such a motion, be presented to the court. It is better that the distinction between an order requiring a pleading to be made definite and certain and an order directing a bill of particulars should not be confused. When all that a party to an action really wants is a more particular statement of his opponent's claim for the purpose of narrowing the issues at the trial, or to prevent surprise, he should be required to make an application for a bill of particulars, and not be allowed to obtain an amended pleading on the theory that the precise meaning or application of the allegation is not apparent.

All concurred; HOUGHTON, J., not sitting.

Order reversed, with ten dollars costs and disbursements.