(120 App. Div. 659)

## HARRINGTON v. STILLMAN.

(Supreme Court, Appellate Division, Third Department. June 25, 1907.)

1. PLEADING—MOTION TO MAKE MORE DEFINITE AND CERTAIN.

Allegations, in an action for negligence in that defendant so operated his automobile as to cause plaintiff's horse to run away, that defendant operated the automobile negligently and carelessly, by not giving the proper signals, and by not giving adequate signals, and by running at a dangerous rate of speed, are not so indefinite or uncertain as to be subject to motion under Code Civ. Proc. § 546, providing that allegations, if so indefinite or uncertain that the precise meaning or application thereof is not apparent, may be required to be made definite and certain by amendment; but the remedy, if any, is by a bill of particulars.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1173, 1174.]

2. SAME.

An allegation, in an action for negligence in that defendant so operated his automobile as to cause plaintiff's horse to run away, that defendant did not observe and obey the rules and regulations theretofore properly made and then in force by the proper authorities having control of the highway and its use, is so indefinite and uncertain as to be subject to motion under Code Civ. Proc. § 546, providing that allegations, if so indefinite or uncertain that the precise meaning or application thereof is not apparent, may be required to be made definite and certain by amendment.

3. SAME.

Where, if the allegations of a complaint required to be made more definite and certain were stricken out, sufficient would remain to constitute a cause of action, that part of the order directing that upon failure to make them more definite and certain the complaint should be stricken out will be modified, so as to direct that upon such failure such allegations alone shall be stricken out.

Appeal from Special Term, Washington County.

Action by· Julia E. Harrington against William O. Stillman. From an order requiring the complaint to be made ' more definite and certain, plaintiff appeals. Order modified, and, as modified, affirmed.

The complaint states a cause of action for negligence against the defendant in so operating his automobile as to cause a horse behind which plaintiff was riding to run away and injure plaintiff. The complaint contains the following allegations of negligence, among others: That the defendant did "operate said automobile negligently and carelessly, by not giving the proper signals, and by not giving adequate signals, and by running then and there at a dan-

gerous rate of speed, * * * and by not then and there observing and obeying rules and regulations theretofore properly and. duly made and promulgated and then and there in force by the proper authorities having control of said highway and its use." The order appealed from requires the complaint to be made definite and certain by stating what were the proper signals, and the adequate signals, which defendant should have given and failed to give, the rate of speed at which he was running, and the rules and regulations referred to, and the proper authorities by whom they were promulgated, and when, how, and where said rules and regulations were properly and duly made and promulgated. The order also strikes out the complaint in default of compliance with its requirements.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

G. B. Wellington (Herbert F. Roy, of counsel), for appellant.
Hun & Parker (Lewis R. Parker, of counsel), for respondent.

COCHRANE, J. In Dumar v. Witherbee, Sherman & Co., 88 App. Div. 181, 84 N. Y. Supp. 669, this court, speaking through Mr. Justice Chase, said:

"It is better that the distinction between an order requiring a pleading to be made definite and certain and an order directing a bill of particulars should not be confused. When all that a party to an action really wants is a more particular statement of his opponent's claim, for the purpose of narrowing the issues at the trial, or to prevent surprise, he should be required to make an application for a bill of particulars, and not be allowed to obtain an amended pleading on the theory that the precise meaning or application of the allegation is not apparent."

It is sometimes difficult to distinguish between the remedy by bill of particulars and the remedy to make a pleading definite and certain. Where the distinction clearly exists, however, it should be observed, even though the result of either application would be the same. Rouget v. Haight, 57 Hun, 119, 10 N. Y. Supp. 751; Jackman v. Lord, 56 Hun, 192, 9 N. Y. Supp. 200. One reason for observing the distinction is that a motion for a bill of particulars may be opposed with affidavits; whereas, a motion to make a pleading definite and certain must be determined on the pleading alone. Another reason is that the insertion in a pleading of unnecessary details violates the rule of brevity, clearness, and conciseness, which is not only commendable, but is also commanded. Code Civ. Proc. §§ 481, 500.

The order herein confuses the proper distinction between the two motions. The allegations of the complaint as to the signals which the defendant failed to give and the rate of speed at which he was proceeding are not such as to be the subject of a motion to be made definite and certain. Not every indefinite or uncertain allegation in a pleading may be made the subject of such a motion, but only such an allegation as is so indefinite or uncertain "that the precise meaning or application thereof is not apparent." Code Civ. Proc. § 546. No one can fail to understand the "meaning" of the allegations as to the signals and the rate of speed, and the "application" of those allegations to the cause of action here alleged is that they are, in and of themselves, evidence of negligence. If the defendant is entitled to the details of the facts thus alleged, he should ask for a bill of particulars.

I think, however, that the allegation in the complaint as to the

rules and regulations which defendant is claimed to have disregarded is not stated with sufficient definiteness and certainty. It is not apparent how such allegation demonstrates negligence; and hence it has no "application" to the cause of action alleged, unless it further appears what such rules and regulations were and by what authorities they were promulgated. To that extent such allegations should be made definite and certain.

The order under review is much too drastic in directing that for a failure to comply with its provisions the entire complaint be stricken out. If the allegations required to be made definite and certain were stricken from the complaint, sufficient would remain to constitute a good cause of action.

The order should therefore be modified, so as to require that the complaint state specifically the rules and regulations therein referred to and the authorities by whom they were made and promulgated, and, on failure to comply with such requirement, the allegation as to such rules and regulations should be stricken from the complaint; and, as so modified, said order should be affirmed, without costs. All concur.