## FRIEDMAN et al. v. DENOUSKY et al.

(Supreme Court, Appellate Division, Third Department. November 13, 1907.)

PLEADING—MOTIONS TO MAKE MORE DEFINITE.

Where the complaint alleged that defendant bought of plaintiff goods described at agreed prices, to be paid on delivery at time and place specified; that plaintiff delivered the goods and demanded payment; that defendant refused to accept the goods and to pay the agreed prices; and' that defendant failed to perform the contract, by reason of which plaintiff suffered damage in a designated sum—the court could not, under Code Civ. Proc. § 546, grant an order to make it more definite by requiring allegations whether the damages demanded were based on the difference between the market price at the time and place of delivery and the contract price, or whether the damages were based on the difference between the contract price and the amount realized on a resale of the goods, etc.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1173–1186.]

Appeal from Special Term, Chenango County.

Action by Morris Friedman and another against Isaac Denousky and another. From an order requiring the complaint to be made more definite and certain, plaintiffs appeal. Reversed.

The action is brought on a complaint alleging two causes of action, one on a check and the other to recover $125 damages for an alleged breach of contract on the part of the defendants in failing to accept and pay for certain bags and copper which they agreed to purchase from the plaintiffs at prices stated. The court, on motion of the defendants, has made an order requiring the plaintiffs to amend their complaint "so as to allege upon what grounds plaintiffs claim they were damaged in the sum of $125 by reason of the defendants' failure to perform on their part the contract referred to in said complaint, and allege whether such damages are based upon the difference between the market price at the time and place of delivery and the contract price, or whether such damages are based upon the difference between the contract price of said goods and the amount realized upon a resale thereof, and, if sold, whether the whole or part of the said goods were sold, or whether the damages are based upon and a recovery for the entire contract price of said goods." From this order the plaintiffs appeal.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Hubert L. Brown, for appellants.
E. & F. E. Lewis, for respondents.

CHESTER, J. The court was asked to make the order in question under its power to make the complaint more definite and certain; but that power cannot properly be exercised, except where the allegations of the pleading are so indefinite or uncertain that the precise meaning or application thereof is not apparent. Code Civ. Proc. § 546; Dumar v. Witherbee, Sherman & Co., 88 App. Div. 181, 84 N.

Y. Supp. 669. An inspection of this pleading reveals no uncertainty or indefiniteness, and its meaning and application is clearly apparent. Indeed, there is no substantial criticism of it, except in respect to the question of damages. The allegations are that the defendants entered into an agreement with the plaintiffs for the purchase of a specified number and kind of bags and a stated number of pounds of light copper at agreed prices stated in the complaint, to be delivered on a day and place named, and to be paid for on delivery; that at the time and place named the plaintiffs delivered such goods to the defendants and demanded payment therefor; that the defendants refused to receive and accept the same, and refused to pay the plaintiffs the agreed price therefor; and that the defendants failed to perform the contract upon their part, by reason of which the plaintiffs suffered damage in the sum of $125. The court on the trial would have no difficulty in applying the correct rule of damages, if the plaintiffs prove such a breach of contract as they allege, without any amplification or amendment of the complaint. We think the order was inadvertently granted.

The order should be reversed, with $10 costs and disbursements, the motion denied, with $10 costs, and the defendants granted leave to answer within 20 days upon the payment of such costs. All concur.