GEORGE O. MEREDITH, Plaintiff, *v.* ART METAL CONSTRUCTION COMPANY, CLAYTON E. BAILEY, and Eighteen Others, Defendants.

(Supreme Court, Erie Special Term, October, 1916.)

Corporations — stockholder's action in behalf of corporation — spoliation of corporate assets — conspiracy — pleading — capacity of defendants.

Pleading — motion to make definite and certain — Code Civ. Pro. § 546 — bill of particulars.

A complaint in a stockholder's action brought in behalf of himself and all other parties in interest who might join, which alleges that the individual defendants entered into a conspiracy to misappropriate the assets of their corporation and in pursuance of the conspiracy and by acquiring a controlling interest in the corporation organizing a foreign corporation issuing stock, etc., accomplished a spoliation of the property and interests of the domestic corporation for their own individual profit, and seeking to recover damages for waste, states a cause

of action, and whether certain of defendants were at the particular time officers of the domestic corporation or not is of no consequence.

If as alleged in the complaint the individual defendants entered into said conspiracy, then any act done by any of them in furtherance of the common design and in accordance with the general plan became the act of all and each was legally responsible for such act.

To render one civilly liable for injuries resulting from a conspiracy of which he was a member, it is not necessary that he should have joined the conspiracy at the time of its inception.

An allegation of the complaint that the defendant' corporation was organized under the laws of the state of New York and that thereafter it became a foreign corporation, that defendants conspiring to misappropriate its assets secured the assignment thereof to the foreign corporation and by obtaining control, organizing other corporations with dummy directors, issuing stock, etc., misappropriated the assets of the New York corporation, showed a cause of action in its favor against defendants for damages so sustained, to which cause of action the foreign corporation succeeded, and upon its refusal or neglect to prosecute an action for the relief sought in the present action, and where other acts were committed against it in furtherance of a scheme to misappropriate its assets, the action might be prosecuted in behalf of plaintiff and the other stockholders as stockholders of the foreign corporation.

Where the complaint alleged certain matters concerning the defendant corporation and also that " in furtherance of such conspiracy " as alleged defendants did various acts with intent to misappropriate the corporation assets to their own profit, it sufficiently showed that the allegations referred to the foreign corporation.

Plaintiff should not be required to specify the particular time of the transactions set forth in the complaint, in the absence of any claim of ignorance on the part of defendants as to the particular times of the transactions referred to, and where it was immaterial to the cause of action alleged.

Where the only effect of charging any of defendants with being directors would be to charge them with added responsibility and would in no way lessen their liability to respond in damages for their acts as joint conspirators to devastate the assets of the company to their own profits, that being the

gravamen of the allegation of the complaint, plaintiff will not be required to make his complaint more definite and certain by alleging if any of the individual defendants had· been or were directors of the corporation and the time or times, if any, when they or any of them were such directors.

A motion under section 546 of the Code of Civil Procedure to make a complaint more definite and certain is intended primarily to aid the opposing party to plead.

Where the purpose of a party is to obtain a more particular statement of his opponent's claim, for the purpose of narrowing the issues at the trial, or to prevent surprise, or where the claim is definitely stated, although the statement thereof is wanting in detail, the remedy is by motion for a bill of particulars.

MOTION by the defendants Murphy, Jenks and Sinnott, to have the plaintiff's complaint made more definite and certain.

Rushmore, Bisbee & Stern, and Abraham Freedman, in support of motion.

O'Brian, Donovan & Goodyear, opposed.

WHEELER, J. In order to understand the merits of the motion, it becomes necessary to consider the allegations of the complaint and the cause of action set forth, and the general rules of law governing such cases.

The action is brought by the plaintiff, as a stockholder in the Art Metal Construction Company, in behalf of himself and of all other parties in interest who may join in the action, and asks for the appointment of a receiver of said corporation; that the damages sustained by the defendant corporation by reason of the matters and things stated and set forth be ascertained, and that the individual defendants be adjudged and decreed to pay said corporation certain specific

sums of money aggregating $469,040, and the further sum of $250,000, damages done to the good name, the good-will and other property rights of the said corporation.

The complaint alleges that the Art Metal Construction Company was a prosperous and successful corporation, organized under the laws of the state of New York, and located at Jamestown, N. Y., prior to March 31, 1913. That at about said date the Art Metal Construction Company, a Massachusetts corporation of the same name, was organized, and all the property and assets of the New York corporation were thereafter transferred to, and the said corporation became merged into, the Massachusetts corporation, one of the defendants in this action.

The complaint further alleges, in substance, that the defendants, other than the Art Metal Construction Company, were stockholders, officers and directors of three different corporations, to wit: the United States Metal Products Company, the Assets Realization Company, and the National Steel and Bronze Corporation. That said defendants formed and became members, officers and agents of a conspiracy, the purpose and object of which was to acquire control of the assets, property, credit and business of the defendant the Art Metal Construction Company, and divert the same to the benefit of the three corporations above named, and for the benefit of the individual defendants themselves, and to use the credit and appropriate the quick assets of said defendant Art Metal Construction Company to their own advantage and profit, and to the financial loss of the plaintiff and other stockholders of said company, and to the financial loss of the said defendant the Art Metal Construction Company, and that, in furtherance of said conspiracy, the individual

defendants performed and committed certain acts, to wit:

(a) Organized a syndicate to buy and acquire a controlling interest in the capital stock of the Art Metal Construction Company, of New York.

(b) Organized the National Steel and Bronze Corporation with a capital stock of $5,000,000, divided into $3,500,000 of common and $1,500,000 of preferred stock at par — took a controlling interest in said shares, and elected a nominal, but dummy, board of directors, subservient to the wishes and directions of said conspirators. That said corporation was simply a holding company, and through its exploitation the said conspirators obtained the money with which to pay them for money borrowed by them to acquire a controlling interest in the stock of the Art Metal Construction Company.

(c) That, having acquired a controlling interest in the stock of the Art Metal Construction Company, the conspirators proceeded to elect a board of directors amenable to their orders, wishes and directions; and procured the passage and adoption by said board of a resolution to merge the business of said Art Metal Construction Company with the United States Metal Products Company, by depositing a controlling interest in the shares of stock of each company with the National Steel and Bronze Company, and by loaning the credit of said Art Metal Construction Company to said Assets Realization Company, to buy for $1,200,000 the entire preferred stock of said National Steel and Bronze Corporation, which was and is worthless, all of which inured to the benefit and profit of said conspirators.

(d) That said conspirators secured the adoption of a resolution authorizing and directing said Art Metal

Supreme Court, October, 1916.    [Vol. 97.

Construction Company to guarantee the dividends of seven per cent on the preferred stock of the National Steel and Bronze Corporation, and to sell said stock to the holders of the note of said Art Metal Construction Company, which note had been given in payment of said preferred stock, in pursuance of the resolution set forth in paragraph —, said guarantee being intended and adopted to give said conspirators a profit, as well as ready funds with which to pay a loan by which they secured money to buy a controlling interest in said Art Metal Construction Company.

(e) That thereafter, and in March, 1913, by conceal-ment and false representations, and in furtherance of said conspiracy, the conspirators secured the assign-ment of all the assets and property, plant and business of said Art Metal Construction Company as a New York corporation to said Art Metal Construction Com-pany, a Massachusetts corporation, with a greatly increased capital, which transfer inured to the benefit and profit of said conspirators, and to the loss of the plaintiff and other stockholders of the company; and thereupon said conspirators elected a board of direc-tors of said Art Metal Construction Company wholly subservient to their wishes, orders and purposes, for the sole purpose of carrying out the purposes of said conspirators.

(f) That said defendants directed the nominal directors and officers of said Art Metal Construction Company to lend the credit of said company for the benefit of the individual defendants.

(g) That said conspirators caused said Art Metal Construction Company to lend, at various times in the year 1913, upwards of $100,000 to the Assets Realiza-tion Company, without security, when said Assets Realization Company was known to the defendants to

be financially embarrassed, which was used for the benefit of said individual defendants, of which sum only $5,000 has been repaid, and the balance is a total loss to the defendant company.

(h) That said conspirators caused said Art Metal Construction Company to lend upwards of $280,000 to the United States Metal Products Company upon its notes, wholly unsecured, and at times when said Metal Products Company was known to defendants to be financially embarrassed, with no prospects of being able to pay said loans, and said loans were made for the benefit of the individual defendants, no part of which loans has been repaid, and is a total loss to said defendant company.

(i) That by fraud and misrepresentation said individual defendants caused the capital stock of the defendant company to be increased to the par value of $4,000,000, and a portion of such increased shares to be exchanged for shares of the stock of the United States Metal Products Company at a time when the shares of that company were worthless, and the stock of the defendant company valuable, which exchange inured to the benefit of the individual defendants in this action, and the loss of the defendant company and of this plaintiff.

(j) That the said individual defendants caused the defendant company to exchange shares of its stock of the par value of $680,000 for shares of the United States Metal Products Company of a par value of $3,833,400, nominally owned by the National Steel and Bronze Corporation, but actually held for the benefit of the defendants, and thereupon, upon such exchange being protested, caused the defendant company to execute a bond as a condition of the cancellation of such exchange and the return of the shares of stock so

taken, the exact nature of which bond the plaintiff is unable to state, but which bond, it is alleged, is a liability improperly and unlawfully imposed on the defendant company, to its detriment and loss.

In short, the allegations of the complaint are that the individual defendants entered into a conspiracy to loot the Art Metal Construction Company, the New York corporation, and its successor, the Massachusetts corporation, into which the New York company was merged, and to which its property and business were transferred; and in and by various steps taken and set forth accomplished a spoliation of property and interests for their own individual profit and interests, to the serious loss and detriment of the defendant company and of its predecessor.

If the allegations of the complaint can be established by evidence in court, then the plaintiff should succeed in the action, and an example made of those indulging in such high finance.

All the various acts and transactions set forth in the complaint are alleged to have been had and conducted in furtherance of the original conspiracy alleged to have been formed by the individual defendants to devastate the property and assets of the Art Metal Construction Companies for the benefit and profit of the individual defendants in this action.

If these allegations be true, then a cause of action has been set forth in the complaint, and it is of no consequence that certain of the defendants were or were not at any particular time directors or officers of either the Art Metal Construction Company of New York, or of the Massachusetts company of the same name, which succeeded to the rights of the New York corporation.

The gist of the action is not simply to hold *directors*

of a corporation liable for a devastavit in breach of a duty a director owes the company of which he is or was an officer, but to recover damages for waste of the company's property as the result of an illegal conspiracy to misappropriate property by and through the various steps alleged to have been taken, with the aid and assistance of dummy directors acting in obedience to the individual defendants in this action.

Such a conspiracy, followed by overt acts resulting in damage to the corporation affected, gives a cause of action to the company, which may be asserted in its behalf by a stockholder, where the officers of the company refuse or decline to act.

The case of *Gray* v. *Fuller,* 17 App. Div. 29, is quite in point. The action in that case partook of the general character of this. The court, in its opinion, said: " The various acts complained of are set forth as parts of a single scheme, devised and carried on by all the individual defendants    *    *    *    some of them acting separate parts to effect a single purpose, that is, to depreciate the value of the property of the corporation, and then, by means of a foreclosure, to acquire such as has not already been disposed of for their own benefit and the benefit of the rival corporation, and thereby destroy the value of the plaintiff's shares.

" Several independent causes of action in favor of this plaintiff are not united in this complaint, but a single cause of action is set forth. Had the corporation so elected, it could have maintained an action to recover the bonds acquired by Fuller, Belding, Colgate and Smith, and also an action to recover of the Retsof Mining Company the property fraudulently transferred to it, and also an action against the directors to recover damages for their *devastavit;* but

the fact that such independent actions could have been maintained by the corporation does not deprive the plaintiff of the right to allege all of these acts as grounds of a single cause of action against all of the actors. *Acts of directors and of third persons,* though constituting independent causes of action in favor of a corporation, may be so connected as to constitute a single cause of action in favor of a shareholder against all of the wrongdoers, which seems to me to be the case at bar."

The case of *Gray* v. *Fuller* seems to have been one instituted by the stockholder in his own right, and not in behalf of the corporation of which he was a stockholder. Nevertheless, the doctrine laid down in principle applies equally to actions brought in behalf of corporations whose rights and property have been invaded and wasted.

To the same general effect is the case of *Witherbee* v. *Bowles,* 201 N. Y. 427, where it was held that in such an action it was proper " to attack all the acts and join all the parties who took part in the acts which have impaired their rights and which are barriers between them and the relief which they seek." Citing *Brinkerhoff* v. *Brown,* 6 Johns. Ch. 139; *Loos* v. *Wilkinson,* 110 N. Y. 195.

For further cases sustaining the general principle enunciated, see *People* v. *Tweed,* 63 N. Y. 194; *Barr* v. *New York, L. E. & W. R. R. Co.,* 96 id. 444; *Zoccolo* v. *Stern,* 25 Misc. Rep. 246; *O'Connor* v. *Virginia P. & P. Co.,* 184 N. Y. 46; *Mutual Life Ins. Co.* v. *McCurdy,* 118 App. Div. 815.

If, as charged in the complaint, the individual defendants entered into the conspiracy alleged, then any act done by either in furtherance of the common design and in accordance with the general plan,

becomes the act of all, and each is legally responsible for such act. *Matthews* v. *Shankland*, 25 Misc. Rep. 604, and cases cited.

To render a person civilly liable for injuries resulting from a conspiracy of which he was a member, it is not necessary that he should have joined the conspiracy at the time of its inception. *Warshauer* v. *Webb*, 9 N. Y. St. Repr. 529.

There is another phase of this case which demands consideration before we address ourselves to the consideration of the motion made in this case.

It is unquestionably true that the New York company and the Massachusetts company constitute two separate legal entities. We think it quite clear, however, from the allegations of the complaint, that this action is prosecuted in behalf of the plaintiff and of his fellow stockholders as a stockholder in the Art Metal Construction Company, the corporation organized under the laws of Massachusetts, into which it is alleged the New York corporation of the same name was merged. It alleges the defendant was, prior to March 31, 1913, a corporation organized under the laws of New York, but " thereafter it was and now is a corporation organized under the laws of the State of Massachusetts." Later in the complaint it is alleged that " the defendants herein secured the assignment of all the assets, property, plant and business of said Art Metal Construction Company, as a New York corporation, to said Art Metal Construction Company, a Massachusetts corporation."

If the defendants, by means of the acts detailed, in fact damaged or wasted the property, rights and interests of the New York company before the merger and assignment to the Massachusetts company took place, then the New York company had a cause of action

against the individual defendants for the damages so sustained, and the assignment set forth to the Massachusetts company transferred to that company the cause of action existing in favor of the New York company, which the Massachusetts company had, or had the right to assert, against the individual defendants. When, therefore, the Massachusetts company refused or neglected to prosecute an action for the relief here sought, any stockholder in the Massachusetts company had and has a right to maintain an action for redress, and in such an action to seek relief for wrongs committed to and against the New York company, and at the same time set forth other acts committed against the Massachusetts company in furtherance of a general scheme to waste and devastate the property of that company as the successor of the New York corporation.

With this general survey of the nature and character of the action as set forth in the complaint, we proceed to address ourselves to the matter of the relief asked on this motion; it being contended that unless the plaintiff is required to make his complaint more definite and certain the moving defendants will be unable to demur to the complaint on the ground that different and distinct causes of actions against various defendants have been improperly joined in this action.

The moving defendants ask that the complaint be made more definite and certain so that it shall state:

A. Whether the action is brought by the plaintiff as a stockholder of the Art Metal Construction Company of New York, or of the Art Metal Construction Company of Massachusetts.

This request should be denied because, in our opinion, it sufficiently appears on the face of the complaint, that the action is brought by the plaintiff as a stockholder of the Massachusetts company.

The moving defendants also ask that the plaintiff be required to allege:

B. The time when the alleged conspiracy referred to in paragraph sixth of the complaint was formed, and whether the allegations concerning the '' defendant Art Metal Construction Company,'' made therein, have reference to the New York company or the Massachusetts company of the same name.

Paragraph '' *Sixth* '' of the complaint is qualified by, and should be read in connection with, paragraph '' *Seventh,*'' for in the '' *Seventh* '' paragraph it is alleged that '' in furtherance of said conspiracy,'' that is the conspiracy charged in the '' Sixth '' paragraph, the defendant did the various things stated and set forth earlier in this opinion. Some of these acts related to dealings with the New York company, and some with the Massachusetts company, but all are charged as done in furtherance of a common scheme and conspiracy to manipulate the property of these entities, to the individual defendants' benefit and profit.

We think, within the cases cited, the plaintiff cannot be required to plead differently than he has done, and this court should not require the plaintiff, in view of the allegations made, to state otherwise than he has in respect to the matters in question.

C. The moving defendants ask practically the same relief as to the various overt acts set forth in paragraph '' Seventh,'' and paragraphs '' Eighth,'' '' Ninth,'' '' Tenth,'' and '' Eleventh,'' whether such acts were committed against the New York or the Massachusetts corporation.

We think the request should be denied on the same grounds, and for the same reasons stated above.

If there were any facts set forth in the moving affidavits to show that the defendants were ignorant of the time or times of the doing of the various things requested to be stated in paragraphs " d," " e," " f " and " g " of the moving affidavits, there might be some reason for requiring the plaintiff to specify the particular time and times of the transactions referred to. No such claim of ignorance is asserted, but the request is made apparently for the sole purpose of embodying in the complaint a statement of such times of various transactions alleged, on the theory that if so alleged the complaint for that reason would become demurrable.

From the discussion of the law of the case, we have seen that it would not make the slightest difference as to the sufficiency of the cause of action alleged; and the defendants' motion is, therefore, denied.

If it should be made to appear to this court that the defendants require the information so as to properly prepare for trial, owing to their ignorance of the facts (which is not now claimed), doubtless the court would require the plaintiff to furnish the information by way of a bill of particulars.

I. The plaintiff is asked to make his complaint more definite and certain by stating if any of the individual defendants have been or are directors of the Art Metal Construction Company of New York or Massachusetts, and the time and times when they, or any of them, were such directors, if any.

The case of *Gray* v. *Fuller,* 17 App. Div. 29, holds that the fact that some may have been directors, and others not, in an action of this kind, is not material. That a cause of action exists against such defendants even though they had no official position in the corporation as directors. The only effect of charging any of the

defendants with being directors would be to charge
such defendants with an added responsibility by
reason of the trust position they held. It would not in
any way lessen their liability to respond in damages
for their acts as joint conspirators to devastate the
assets of the company for their own profit, which is
the gravamen of the allegation of the complaint. This
request is, therefore, denied.

J. We think the subdivisions of the complaint cov-
ered by subdivisions " G," " H," " I," and " J,"
sufficiently explicit.

K. The request embodied in this paragraph of the
affidavit is denied.

The motion is made upon the authority of section
546 of the Code of Civil Procedure, which provides
that: " Where one or more denials or allegations, con-
tained in a pleading, are so indefinite or uncertain
that the precise meaning or application thereof is not
apparent, the court may require the pleading to be
made definite and certain by amendment."

We do not think any of the allegations of the com-
plaint are " so indefinite and uncertain " that their
precise meaning or application is not apparent.

A motion to make more definite and certain is
intended, primarily, to aid the opposing party to
plead. *Citizens Central Nat. Bank* v. *Munn,* 49 Misc.
Rep. 32.

If the purpose of a party is to obtain a more particu-
lar statement of his opponent's claim, for the purpose
of narrowing the issues at the trial, or to prevent sur-
prise, his remedy is by application for a bill of par-
ticulars. *Dumar* v. *Witherbee, S. & Co.,* 88 App. Div.
181.

Where the claim is definitely stated, although the
statement thereof is wanting in detail, the remedy lies
in application for a bill of particulars. *Rouget* v.

*Haight*, 57 Hun, 119; *Harrington* v. *Stillman*, 120 App. Div. 659.

We think the complaint is sufficiently definite to make clear its precise meaning and application, and nothing is wanting to enable the defendants to answer.

It may be that in some respects the complaint is wanting in detail, but, if the defendants desire further information as to details, their relief is by motion for a bill of particulars, which is not this motion.

We think, therefore, the defendants' motion should be denied.

Motion denied.